HARDWICK v. KING.

Payment, and accord and satisfaction, are good pleas to an action of
debt on the record of a recovery in another State.

EDMUND KING brought an action of debt in the Circuit
Court of St Clair county, against Garland Hardwick. to
recover on the exemplification of a record of recovery,
in the Superior Court of Jackson county, Georgia,
wherein said King had obtained judgement against Hard-
wick for $4,473 27. The declaration contained one
count in the usual form on the record. The defendant
pleaded: 1st. *Nul tiel* record. 2nd. The delivery of

goods, &c. after the rendition of said judgement, and the acceptance thereof, as accord and satisfaction.   3rd.  *Nil debet.*  4th.  Payment.   The plaintiff replied generally to the first plea, and demurred to the second, third and fourth pleas of the defendant.   At April term 1825, the Court sustained the demurrers of the plaintiff to the defendant's pleas, and rendered judgement final for the plaintiff on the plea of *nul tiel* record for the sum laid in the declaration, and for $566 76 damages as interest, and for costs.

JANUARY 1828.

Hardwick
v.
King.

The defendant sued out his writ of error and assigned as cause of reversal that the Court erred in sustaining the demurrers.

CLAY and M'CLUNG, for the plaintiff, cited 2 Chitty's Pl. 489, to shew that the second and fourth pleas are good, and as to the necessity of venue in a plea, 1 Chitty's Pl. 380.

BUGBY, for defendant in error.

JUDGE SAFFOLD delivered the opinion of a majority of the Court.

IN sustaining the demurrers, the Court is charged to have erred. The plea of *nil debet*, however, is not insisted on as available in this action; but it is contended that either accord and satisfaction, or payment, would have been a complete bar to the action; that the plaintiff having demurred to the pleas tendering such defence, the Court should have given judgement for the defendant.

The judgement on which this suit is brought, is to be regarded as one in which there has been personal service of process, inasmuch as the contrary is not shewn; it is therefore unnecessary to inquire what the legal doctrine is, in case of service by attachment of property, or other constructive notice.   It is admitted by the Court to have been a principle of the common law, that in actions of debt founded on domestic judgements of courts of record, special pleas, such as these in question, were inadmissible, and that the plea of payment allowed by the English practice, was given by the statute of 4 Anne, C. 16.   This statute is said only to have authorized the plea of payment, and that after its passage, accord and satisfaction was not deemed a sufficient plea.   It is also held to be a maxim in law, that there can be no averment in pleading

40

against the validity of a domestic record, though there may be against its operation, as the plea of a subsequent release, or satisfaction on execution.

Here a material inquiry arises whether in this respect, judgements obtained in other States of the Union, are to be treated according to the common law doctrine, relating to domestic or foreign judgements, or whether they should not be viewed in a light different from either. In many respects, they have been held by various adjudications, to be essentially different from either. Notwithstanding public acts, records, &c. when properly authenticated, are entitled by the supreme law of the land to the same faith and credit in every Court in the United States, that they of right have by law or usage in the Courts of the State whence they came. Yet it is impracticable to give them precisely the same force and *effect;* and such seems not to have been contemplated by the act of Congress. Neither judgements nor executions were ever supposed to retain any lien on the defendant's property beyond the jurisdiction of the Court. There is not and cannot, with propriety, be any authority for issuing executions in one State on judgements rendered in another. It may not be extremely inconvenient to procure satisfaction to be entered of record, in cases of judgements rendered in our own Courts. To cause satisfaction to be entered on the judgement in another State, at a remote period, might be found difficult and inconvenient; nor is it believed to have been the usage of the Courts in the United States, to enter on their records any evidence of payment or other satisfaction of judgements, except when the money is made in the regular course of execution, or when the payment is made to the clerk. Therefore, without intimating any opinion, whether accord and satisfaction, or payment, would be a good defence to an action of debt on a judgement rendered in this State, a majority of the Court are of opinion that, to a judgement from a sister State, they are available as matter of defence. By the common law, these matters of defence were disallowed in case of domestic judgements, but in actions on foreign judgements, a different principle prevailed. The judgement was only *prima facia* evidence of the debt, on which either debt or assumpsit would lie; and where the former was brought, the defendant was permitted to contest the original merits on the plea of *nil debet.* It may also

be observed, that by statute, much of the discriminating dignity between the different securities for, or evidences of debt, has been abolished in this State. As far as essential rights are concerned there is but little difference, except as to the statute of limitations, between specialties and simple contracts in writing. In actions on the former as well as the latter, the defendant may impeach the consideration and make the same kinds of equitable defence. When too, it is considered that no preference is allowed in this State between creditors, whether by judgement obtained in another State, on specialty or simple contract, previous to final judgement here, there is conceived to be no consistency, legal analogy, or justice, in rejecting any defence which does not impeach the validity of the judgement, but can only have the effect to avoid its subsequent operation, or in rejecting proof by competent evidence that it has been satisfied.

A majority concur in the opinion that the judgement must be reversed, and the cause remanded for further proceedings.