## RICE, Ex'r, *vs.* DILLAHUNTY.

1. A petition for a *supersedeas* which alleges that the judgment "is satisfied," on which the execution issued which the party seeks to quash, is sufficient in law on demurrer.

ERROR to the Circuit Court of Lauderdale.

Tried before the Hon. Thomas A. Walker.

The plaintiff in error, as executor of Andrews, filed his petition for a *supersedeas*, to quash an execution. The petition alleges, that a judgment was rendered against said Andrews and one Kirkman, on the 8th October, 1847, in favor of Dillahunty, the defendant in error; that a writ of *fi. fa.* issued on this judgment on the 26th October, 1847; that Andrews died on the 18th January, 1848; and that an *alias fi. fa.* was issued on the judgment on the 21st October, 1848. It further averred that the judgment was "*satisfied*," and that the plaintiff in execution himself had entered on the execution docket, opposite the case, in his own handwriting, this memorandum: "This judgment is satisfied as per agreement between the parties, 21st October, 1847," signed, "Henry Dillahunty." The petition also alleged that the costs which were taxed and charged in the execution, were more than was legal and proper.

The petitioner prayed that the *fi. fa.* should be quashed, and satisfaction of the judgment be entered; or, if he should fail to make these averments good, that then the costs allowed to the witnesses should be re-taxed. This petition was taken as a declaration, by consent of parties. There were three

pleas, to the first two of which the plaintiff demurred, and on the third he joined issue. In considering the demurrer, the court held that the plaintiff's petition came under revision, and that the same was not sufficient in law to entitle him to his motion. Judgment was accordingly given for the defendant, dismissing the *supersedeas* with costs, and this judgment is now assigned for error.

WILLIAM COOPER, for plaintiff in error.

No counsel for defendant.

PHELAN, J.—The question presented for decision is, the sufficiency of the petition for a *supersedeas*, and the facts therein stated, to entitle the plaintiff, if true, to his motion to quash, or to enter satisfaction. The petition, by agreement, stood in the place of a declaration. The demurrer of the plaintiff to the defendant's plea, when it is visited at the instance of the defendant on the declaration, has the effect of every other demurrer; the defendant thereby admits the declaration to be true. In this way, by the pleadings, the facts stated in the petition are admitted to be true.

What are those facts? Besides some other facts which are stated, in reference to the issuance of the original *fi. fa.* and the death of plaintiff's testator subsequently, and then the issuance of an *alias fi. fa.* which we need not more particularly consider, it is averred, in very plain and direct terms, that the judgment on which the execution issued "is satisfied." Here is an averment which, if supported by proof, will clearly entitle the plaintiff to his motion to quash the execution, and also to his motion to have satisfaction entered. Lockhart v. McElroy, 4 Ala. 572. But the demurrer admits the averment to be true. It follows necessarily that the Circuit Court erred, in declaring the petition to be insufficient in law to entitle the plaintiff to his motion, and in dismissing the *supersedeas*.

For this error, let the judgment of the court below be reversed, and the cause remanded.