J. F. E. HARDY, Cashier, &c., *v.* DANIEL REYNOLDS.

If upon confessing judgment in a suit by a bank against one of its debtors, it be agreed and entered upon the docket at the foot of the judgment, that it may be discharged upon the payment of a certain per cent. of the amount in United States currency, or the full amount in the notes of the bank, the plaintiff will be bound by the agreement, and an execution issued for the full amount in United States currency more than two years afterwards may be set aside, and the bankruptcy of the bank will not alter the case.

This was a MOTION to set aside an execution heard before his Honor *Henry, J.,* at the Fall Term, 1872, of the Superior Court of BUNCOMBE county.

At the Special Term, 1869, of Buncombe Superior Court, judgment was taken by consent for want of an answer by the plaintiff against the defendant for the sum of $632.40, the amount of the principal and interest due to that date upon the promissory note sued upon. At the time of taking the judgment, the following agreement was made by the parties and entered at the foot of the same: "It is agreed that this judgment may be discharged upon payment of 40 per cent. of the amount in United States currency, or the full amount in Cape Fear Bank notes." The bank authorities were then allowing its debtors to make settlement of their indebtedness on the basis of 40 per cent. in currency, or the full amount in its own notes; the 40 per cent. being at the time equivalent to the full amount in its own notes.

In October, 1871, the bank was adjudged to be a bankrupt upon the petition of its creditors, and an assignee was appointed, who at once instructed the attorneys of the bank that no further settlements should be made with the debtors except for the full amount in currency; and when the tender was made, at the Fall Term, 1872, of the Court aforesaid of the 40 per cent. in currency, the said attorneys who were the same that represented the plaintiff when the judgment was rendered, in obedience to said instructions, declined to receive it.

His Honor being of opinion that the plaintiff was bound by the agreement above mentioned, directed the execution to be set aside, from which order the plaintiff prayed for and obtained an appeal to the Supreme Court.

*Smith & Strong,* and *Battle & Son,* for the plaintiff.
*Merrimon, Fuller & Ashe,* for the defendant.

RODMAN, J. The plaintiff contends that the agreement that he would receive in satisfaction of the judgment confessed, 40 per cent. thereof in United States currency, or the full amount in notes of the bank of Cape Fear is void, as being without consideration, and further, that the defendant has forfeited the benefit of it, by his delay in making payment.

The first position cannot be maintained. This is not like the case where a creditor accepts a part of the sum due to him, and by parol agrees to release the residue. In that case the agreement to release is held void, because it is held that a payment of a part of a sum cannot be a consideration for a discharge of the whole. Whether the doctrine be a reasonable one or not, it is settled on authority. It is held, however, that the giving to the creditor an article of property without regard to its value, or a negotiable note for less than the amount of the debt, if that be not negotiable, or the note of a third person, or any change in the security for the debt which *may* be beneficial to the creditor is a sufficient consideration for a release. In this case the confession of the judgment was a sufficient consideration to support the agreement.

It is common elsewhere to give a *cognovit actionem,* which is a power to confess judgment as a security for a debt, and it was so in this State until it was enacted that such a power of attorney should be void for that purpose, and effectual only as a common bond. Rev. Code, chap. 31, sec. 88.

But it is a well recognized practice to confess a judgment with a defeasance, and the Courts will take notice of the condition, and will not permit an execution to issue in violation of it. 1 Tidd, Pr. 560. The practice is regulated in England by 3 Geo. iv, ch. 39. The bankruptcy of the bank cannot alter the rights of the parties under the agreement made before. Neither can the delay of the defendant to make payment forfeit his right. There is no condition of that sort in the agreement, and the plaintiff could at any time have issued execution and enforced its performance.

We think the Judge was right in suspending the execution, but it should have been on terms that defendant immediately pay according to the agreement, and the costs of the process.

A judgment may be drawn here in conformity with this opinion, giving the defendant twenty days after service of notice of the judgment to comply with his agreement.

PER CURIAM.                    Judgment accordingly.