(38 Misc. Rep. 516.)

## CLARK v. LYONS.

(Supreme Court, Special Term, Tompkins County. June 23, 1902.)

1. NEW TRIAL—DISPUTED FACTS.

On a motion for a new trial all disputed facts must be considered found in favor of the party in whose favor verdict was given.

2. CONTRACT—CONSIDERATION.

Where a daughter of a testator refrained from contesting the will, pursuant to an agreement with her brother, who was a legatee and devisee, that he would pay her a certain sum if she would so refrain, the agreement was based on a sufficient consideration, and the brother liable thereunder.

Action by Frances Clark against John Lyons. Verdict for plaintiff. Motion for new trial denied.

Sherman Moreland, for plaintiff.

J. F. Shoemaker (Frederick E. Hawkes, of counsel), for defendant.

FORBES, J. The plaintiff is a daughter of Jonathan C. Lyons, deceased. The defendant is the son of said deceased. The action is brought upon a verbal guaranty or promise made by the defendant to the plaintiff. On the 6th day of September, 1895, Jonathan C. Lyons died, leaving a last will and testament, with several codicils annexed thereto. Said will was duly admitted to probate by and before the surrogate of the county of Tioga. The testator left an estate, real and personal, valued at about $22,000. By the will of said testator, and by one of the earlier codicils to said will, the plaintiff was given a devise of certain valuable real estate. The testator was 91 years of age. There is no question made that the testator was not competent, at the time of making the first will; that at the time of making one or two of the first codicils he was also fully competent to devise real estate. It is asserted on the part of the plaintiff that at the time the last codicil was made to said will he was then incompetent to make a will devising real estate, and that he was also unduly and unlawfully influenced to make one or more of the prior codicils. The defendant is the executor named in the last codicil. He is one of the devisees under said will; is also a legatee, who was relieved from the payment of something more than $1,400 of indebtedness, then owing by him to his father, evidenced by certain promissory notes mentioned in said codicil. The plaintiff received no gift nor devise under the provisions of the last codicil to said will. She asserts that she employed counsel, was ready and intended to contest the probate of said will and the later codicils thereunder. Before the return day of the citation the plaintiff asserts that her brother, the defendant, the executor under said will, came to her house in Ithaca, N. Y., and made the agreement fully set forth in her testimony, which is corroborated by two other witnesses, to the effect that, if she would not contest the probate of said will and said codicils thereunder, he would personally guaranty to her the sum of $1,800. She refrained, therefore, from contesting the

probate of said will. The defendant subsequently paid to her $407.32 out of said estate upon and toward the amount which he had guarantied to her. This action is to recover for a balance alleged to be due to her under said agreement, which the defendant now repudiates.

The questions of fact were submitted to the jury, and a verdict was rendered in favor of the plaintiff for $1,780.94. This amount included interest in the sum of $438.54. This is a motion for a new trial on the minutes made upon a case and exceptions. All disputed facts must be found with the plaintiff. There are no exceptions which this court deems of sufficient importance to reverse the judgment, or which should afford any further relief to the defendant. The sole question to be determined is whether the recovery and judgment are valid, as a matter of law, upon the facts established on the trial. The case is not a novel one. The principle upon which the recovery was had is settled. Williams v. Fitch, 18 N. Y. 546; Bull v. Bull, 31 Hun, 69. I think the evidence clearly shows that the agreement is a personal undertaking on the part of the defendant, based upon a good and valuable consideration, moving from the plaintiff to the defendant, and that the recovery is correct in law and in equity. The defendant is a legatee, and also a devisee, under his father's will. The plaintiff's right and power to protect her interest by a contest of the codicils under which the defendant received this property has been annulled and destroyed by relying on the promise so made. The defendant has failed to keep that agreement, and I think he should respond in damages. The doctrine laid down in the cases of Williams v. Fitch and Bull v. Bull, supra, has been reaffirmed. Smith v. Perine, 121 N. Y. 384, 24 N. E. 804; Amherst College v. Ritch, 151 N. Y. 323, 45 N. E. 876, 37 L. R. A. 305. The plaintiff's brief contains reference to many cases sustaining the doctrine that to refrain from the contest of a will is a sufficient consideration to uphold a promise, an agreement, or even a settlement, made under an established acquiescence in the admission of a will to probate. From a careful reading of the evidence, I fail to see why the verdict of the jury should not be sustained.

The motion for a new trial is therefore denied, with costs.