# Pilcher v. Hickman.

*Motion to Enter Satisfaction of Judgment.*

(Decided June 30th, 1906. 41 So. Rep. 741.)

*Judgment; Satisfaction; Entry of Record.*—H. recovered a judgment against P. in the circuit court. Later P. paid H. a sum certain as a satisfaction of the judgment, taking a receipt stating that the judgment was marked satisfied in full. Later execution on the judgment, for costs, was issued against P. and levied on his property, whereupon he procured supersedeas and entered a motion to have the judgment satisfied. Held, P. was entitled to have the judgment satisfied of record, and that the execution issued thereon was illegal.

APPEAL from Henry Circuit Court.

Heard before HON. H. A. PEARCE.

Action by T. B. Hickman against J. M. Pilcher, in which plaintiff had judgment. Defendant appeals from an order denying a motion to have the judgment satisfied and to quash a supersedeas granted defendant.

W. O. LONG, for appellant.—The word judgment includes all that is recovered in the suit, whether it be cost, debt or damages.—§ 1880, Code 1896. The motion to satisfy the judgment should have been granted.—

*Rice v. Dilahunty,* 20 Ala. 399; *Sanders v. Branch Bank;* 13 Ala. 253; *Brewer v. Branch Bank,* 24 Ala. 439; *Thomas v. Glazner,* 90 Ala. 537; *Bruce v. Barnes,* 20 Ala. 219.

ESPY & FARMER, and P. A. McDANIEL, for appellee.— No brief came to the reporter.

DOWDELL, J.—T. B. Hickman recovered a judgment in the circuit court of Henry county against J. M. Pilcher for $43.50, besides the costs of the suit. The facts show without dispute that the plaintiff, Hickman, for a valuable consideration agreed to satisfy his said judgment against Pilcher, both as to damages and cost, and gave to the said Pilcher the following receipt, which was put upon the execution docket viz.: "T. B. Hickman v. J. M. Pilcher. Circuit Court, Abbeville, Ala. For value received I hereby mark satisfied in full the judgment rendered against the defendant in above stated case. Attest: W. O. Long." The costs of said suit not having been paid, execution was, subsequent to the settlement between Hickman, the plaintiff, and Pilcher, the defendant, in which Hickman agreed to satisfy his said judgment against Pilcher, and subsequent to the entry of the above receipt upon the execution docket, issued against defendant. On these facts the defendant, Pilcher, obtained a supersereas of the execution and entered a motion to have the judgment satisfied. On the hearing the trial court refused the motion and quashed the supersedeas theretofore granted.

In this the court was in error. The judgment was rendered in favor of the plaintiff, both as to damages and costs, and he had the right to settle the same in its entirety. The plaintiff, having received full satisfaction of the judgment by agreement and settlement with the defendant, both as to the principal and costs included in the judgment, the defendant was entitled to have the same entered satisfied, and no execution could therefore be legally issued.—*Rice v. Dillahunty,* 20 Ala. 399; *Sanders v. Branch Bank at Decatur,* 13 Ala. 353; *Brewer v. Branch Bank at Montgomery,* 24 Ala. 439; *Bruce v. Barnes,* 20 Ala. 219; *Thomas v. Glazener,*

[Saunders v. Tuscumbia Roofing & Plumbing Co.]

90 Ala. 537, 8 South. 153, 24 Am. St. Rep. 830; *South & North Ala. R. R. Co. v. Bradley,* 84 Ala. 468, 4 South. 611, and authorities there cited.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.