181 So. 249

## ZORN v. LOWERY.

### 4 Div. 18.

Supreme Court of Alabama.

May 12, 1938.

Powell & Fuller, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

FOSTER, Justice.

This is a suit by appellee against appellant, and they will be referred to as plaintiff and defendant, respectively. It is based upon a judgment rendered in Louisiana. The complaint alleges that on June 30, 1934, plaintiff recovered a judgment against defendant for $5,858.25 for his own use, and for $150 for the benefit of his minor son; that defendant appealed to the Court of Appeals, and on December 5, 1934, that court rendered a judgment increasing plaintiff's recovery to $8,358.25, and as increased affirmed the judgment. La.App., 157 So. 826. That plaintiff thereupon garnished the Maryland Casualty Company (which was defendant's liability insurer), and on appeal from a judgment in that suit one was rendered against the garnishee for $5,000 for plaintiff personally and $150 for the use of his minor son, which became final February 9, 1935. That amount, with interest and costs, was paid on May 7, 1935, which the complaint declares is a proper credit on the judgment, leaving a balance of $3,358.25 with interest remaining unpaid on the judgment rendered by the Court of Appeals.

There was a plea in short by consent with leave to give in evidence any matter that might be specially pleaded, with like leave in reply.

On the trial plaintiff introduced a copy of the judgment of the district court dated June 30, 1934, certified according to the act of Congress; also a copy of the judgment of the Court of Appeals dated December 5, 1934, also duly certified. But there was no judgment offered in the garnishment suit as alleged in the complaint. The judgments so certified are prima facie presumed to have been rendered with jurisdiction both of the parties and subject matter. Forbes v. Davis, 187 Ala. 71, 65 So. 516.

Defendant does not deny that he was personally present in the district court, and participated in the trial. He claims that the attorney representing him was employed by his insurance carrier, the Maryland Casualty Company, to defend that suit, and he gave his consent to it. His contention is that the appeal by such attorney was taken without his consent, though in his name, and that he knew nothing of it, and he offered this proof, but the court sustained objection to it. His appearance in the district court is not questioned. He consented for the insurer to employ counsel to defend the suit in that court. But he invokes the rule that an attorney employed to defend has no implied power to prosecute an appeal. The complaint alleges that he did appeal.

It seems to be the general rule that there is no such implied authority when an attorney is simply employed to defend a suit. 7 Corpus Juris Secundum, Attorney and Client, § 95, page 912 et seq.; 5 Am. Jur. 325, § 107.

There is a distinction between the effect of a domestic judgment rendered on the appearance of an attorney without authority from that of a foreign judgment, when under collateral attack. As to a domestic judgment the rule seems to prevail that it is not subject to collateral attack on that ground, but that it is so when a foreign judgment is thus under attack. Wise v. Miller, 215 Ala. 660, 111 So. 913; Harshey v. Blackmarr, 20 Iowa 161, 89 Am.Dec. 520, 523; 5 Am.Jur. 310, § 83; 34 Corpus Juris 537, § 840, p. 1148, § 1625; 88 A.L.R. 36. Compare Mason v. Calhoun, 213 Ala. 491, 105 So. 643, and Kingsbury v. Yniestra, 59 Ala. 320.

Since the complaint alleges that the defendant perfected an appeal to the Court of Appeals of Louisiana, it charges in legal effect that he voluntarily submitted to the jurisdiction of that court, which rendered the final judgment on which this suit is predicated. So that if he did not thus appeal, that allegation is not sustained. If it was taken without his knowledge and consent by counsel not so authorized by him, but simply authorized to defend the suit in the district court, he did not appeal, and he can show such want of authority on collateral attack of that judgment rendered in a foreign state when he is sued on it in this state. We think the court erred in excluding this proof. If the appeal was taken by his opponent, notice of it served on his counsel may have been effectual. There is some confusion in the argument as to the question of whether the appeal appeared to be taken by him. Another insistence relates to the ruling of the court sustaining objection to certain other evidence now to be mentioned.

The bill of exceptions shows that the following proceedings occurred on the trial: "The defendant further offered to show by testimony of the defendant J. J. Zorn and the witness E. P. Williams, that in May 1934, they went to Benton, La., the place of the trial of this cause, at the request and expense of the Maryland Casualty Company to attend the trial, and after the testimony of the plaintiff and that for the insurance company, an agreement was made between Mr. Lowery, the plaintiff, and defendant Zorn, whereby Lowery agreed that if Zorn would discontinue his defense of the cause, and not prosecute his defense, that he would accept in full settlement of any judgment recovered the sum of $5000.00, the amount for which the defendant was insured with the Maryland Casualty Company. The defendant offered to show that this defendant thereafter, in strict accordance with his agreement with the plaintiff, had nothing further to do with the case, and that all proceedings thereafter were handled by the insurance company, and without notice to the defendant."

Defendant also offered a letter dated February 6, 1935, from the attorney of the insurer, Mr. Grafton, who represented him on the trial, employed by insurer, inclosing a copy of a letter from plaintiff's attorney to him as defendant's attorney, dated February 1, 1935. In the letter plaintiff's attor-

ney was saying that he had authority from his client to settle the judgment for $5,150, and interest and cost. In the letter insurer's attorney, who had also represented defendant, stated that he heard nothing from his client, and advised defendant to make formal demand on insurer to make the settlement, with a possible claim that if it does not make the settlement it would be liable to defendant for the full amount of the judgment, notwithstanding the limitation of its liability, though no opinion on that is expressed.

Thereupon, February 13, 1935, defendant in writing called to the attention of the insurer this situation, and made demand that it accept the offer of settlement made by plaintiff's attorney. By letter dated February 18, 1935, defendant's attorney was notified that his letter of the 13th had been referred to the home office. Defendant heard nothing further from the matter.

The complaint in this case alleges that insurer on May 7, 1935, paid the amount of its liability which is there stated to be the same amount mentioned in the copy of the letter of February 1, 1935, from plaintiff's attorney, sent to defendant. The court sustained objection to all this evidence, and gave the affirmative charge for plaintiff.

The theory which needs consideration, on which the evidence thus offered may be admissible, is on the principle of accord and satisfaction. We quote as follows, section 7, Accord and Satisfaction, 1 Am.Jur. 218: "On the theory that a judgment or decree may be discharged only by a matter of record, it was held, in the early cases, that a plea of accord and satisfaction was not a good defense to an action on a judgment, as the agreement thus to accept satisfaction, being by parol, was in its nature incapable of discharging an obligation of record. This strict rule of the common law, which was based on the principle that matter of record could not be discharged by matter in pais, does not now prevail in all its strictness; the present prevailing rule is that an accord and satisfaction may be pleaded in bar of an action on a judgment."

To the same effect is 1 Corpus Juris Secundum, Accord and Satisfaction, § 8, pages 480, 481; 1 Corpus Juris Secundum, Accord and Satisfaction, § 33, pages 524, 525; Bofinger v. Tuyes, 120 U.S. 198, 7 S.Ct. 529, 30 L.Ed. 649; Hardwick v. King, 1 Stew. 312; 34 Corpus Juris 701, § 1083.

The agreement, if made and carried out, to discontinue his defense of the cause, is a sufficient consideration if the other elements of accord and satisfaction exist. Hardy v. Reynolds, 69 N.C. 5; Penney v. Burns, 226 Ala. 273, 146 So. 611; Moore v. First National Bank, 139 Ala. 595, 36 So. 777; Clark v. Lyons, 38 Misc. 516, 77 N.Y.S. 967; Savage v. Blanchard, 148 Mass. 348, 19 N.E. 396.

Such an agreement, while executory, we think, would not be enforced, when it relates to the terms and conditions on which a judgment thereafter to be rendered may be paid, when the question arises on collateral attack of the judgment so rendered. But it seems to us that a different principle should apply after that agreement has been acted upon by the parties by a discontinuance of the defense as agreed, and the payment and acceptance of the exact amount which plaintiff agreed he would accept in full settlement of such judgment as may be rendered, since the agreement is based on a valid consideration and executed, though made before the judgment was rendered. When an accord and satisfaction is made and completed, we see no objection to it because an executory feature of it may have been made before the judgment was rendered, when it was fully consummated after it was rendered. It was not an impeachment of the judgment. But the courts will not sustain a suit on it when there has been a settlement which the court in which it was rendered should so declare on supersedeas. Henderson v. Planters' & Merchants' Bank, 178 Ala. 420, 59 So. 493; Pilcher v. Hickman, 148 Ala. 517, 41 So. 741; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198.

It is also claimed that the agreement is a sort of fraud, somehow on the court, and, therefore, not a matter which could be a valid consideration. But we fail to see how it is a fraud on the court. By it no public policy is offended, or legal public duty violated; certainly no duty to the court. It may be that by it, defendant breached some contractual or legal duty to his insurer to defend or co-operate in the defense. But the insurer is not here complaining, and its right to complain, if so, does not in any sense inure to the benefit of plaintiff or operate, as between them, to render it illegal as a consideration for their contract, when the public interest is not involved.

The letters referred to should have been aided, perhaps, by supporting evidence. But the grounds of objection were not so directed. If properly authenticated they may

have been material as a part of the history of the proceeding, showing whether the alleged accord resulted in a satisfaction in fact, pursuant to its terms.

 We think the court erred in not permitting defendant to show that the appeal was taken in his name without his express or implied authority, nor to show an accord and satisfaction of the judgment, not to say that some items of evidence so offered were not subject to some possible ground of objection, not here assigned.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.