9 So.2d 872

**LOWERY v. ZORN.**

**4 Div. 172.**

Supreme Court of Alabama.

June 30, 1942.

Rehearing Denied Oct. 8, 1942.

Powell, Albritton & Albritton, of Andalusia, for appellant.

Powell & Fuller, of Andalusia, for appellee.

LIVINGSTON, Justice.

This is the second appeal in this cause, Zorn v. Lowery, 236 Ala. 62, 181 So. 249, 250. Zorn died after the former appeal,

and the cause was revived against his personal representative, C. B. Zorn, administrator.

The complaint alleges "That on June 30, 1934, plaintiff recovered a judgment against defendant for $5,858.25 for his own use, and for $150 for the benefit of his minor son; that defendant appealed to the Court of Appeals, and on December 5, 1934, that court rendered a judgment increasing plaintiff's recovery to $8,358.25, and as increased affirmed the judgment. La.App., 157 So. 826. That plaintiff thereupon garnished the Maryland Casualty Company (which was defendant's liability insurer), and on appeal from a judgment in that suit one was rendered against the garnishee for $5,000 for plaintiff personally and $150 for the use of his minor son, which became final February 9, 1935. That amount, with interest and costs, was paid on May 7, 1935, which the complaint declares is a proper credit on the judgment, leaving a balance of $3,358.25 with interest remaining unpaid on the judgment rendered by the Court of Appeals. There was a plea in short by consent with leave to give in evidence any matter that might be specially pleaded, with like leave in reply." Zorn v. Lowery, supra.

There was a verdict and judgment for the defendant.

Evidence in support of three distinct defenses was introduced on the trial in the court below, which for convenience of discussion we will designate as first, second and third defense.

First. Evidence tending to show that the Louisiana judgment, the foundation of this suit, was rendered in an action for personal injuries to plaintiff Lowery and his son, suffered when Zorn's truck, in which Lowery and his son were then riding, collided with an automobile in the state of Louisiana; that Lowery and Zorn entered into an agreement at Florala, Alabama, whereby Zorn agreed to transport certain goods and household effects of Lowery from Alabama to Louisiana for the sum of $75; that Zorn carried liability insurance on his truck to the amount of $5,000; that $75 was less than the regular charge for such services, but that the regular charge was reduced to $75 in consideration of the agreement by Lowery that, in the event any damage or injury from accident on the trip to Louisiana, resulting in a judgment against Zorn establishing the same, Lowery would not require the payment of any part of the judgment in excess of the amount of liability insurance carried by Zorn.

Second. Evidence to show an agreement made in May 1934, at the place of the trial in Louisiana, whereby Lowery agreed that if Zorn would not offer or present as a defense to that cause a certain bill of sale executed in Alabama at or about the time of making the contract to move Lowery to Louisiana, by which Zorn conveyed to Lowery the truck involved in the accident, he would accept in full settlement of any judgment recovered the sum of $5,000, the amount for which Zorn was insured with the Maryland Casualty Company.

Third. Evidence to show that the sum of $5150, the amount of the insurance carrier's liability, had been paid on the judgment rendered by the trial court in Louisiana; that Zorn prosecuted no appeal from the judgment of the lower court to the Court of Appeals of Louisiana, and none had been prosecuted by or under his authority; that Zorn's insurance carrier alone prosecuted the appeal, and which resulted in the $2,500 increase in the judgment.

Appellant's evidence tended to prove that he made neither of the agreements relied on by the appellee, and that Zorn did prosecute the appeal referred to.

That defendant's second and third defenses constitute an answer to the plaintiff's complaint was clearly held on the former appeal, and we see no reason to recede from that holding, nor to repeat what was there said. The same reasoning and authorities sustain defendant's first defense; and we may add the contract made in Alabama was not a breach of any contractual or legal duty owing by Zorn to his insurer.

Appellant insists that no such bill of sale was ever executed, but that if it was, the agreement testified to concerning it was illegal and void. If the agreement was not illegal and void on the ground of "public policy," it was proper to prove that the agreement was made, and that Zorn acted upon it to the benefit of Lowery.

The general rule is that competent persons shall have the utmost liberty of contracting, and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts. Printing, etc., Co. v. Sampson, L.R. 19 Eq. 462–5; Baltimore & O. Southwestern R. Co. v. Voigt, 176 U.S. 498, 505, 20 S.Ct. 385, 44 L.Ed. 560.

■ The meaning of the phrase "public policy" is vague and variable. Courts have not defined it, and there is no fixed rule by which to determine what contracts are repugnant to it. The principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reason on which the doctrine rests. It is only because of the dominant public interest that one who, like plaintiff, has had the benefit of performance by the other party, will be permitted to avoid his own promise. Steele v. Drummond, 275 U.S. 199–205, 48 S.Ct. 53, 72 L.Ed. 238; Black & White Taxicab & Transfer Co. v. Brown & Y. Taxicab & Transfer Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426; Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353, 51 S.Ct. 476, 75 L.Ed. 1112, 83 A.L.R. 1168; A. C. Frost & Co. v. Coeur D'Alene Mines Corp., 312 U.S. 38, 61 S.Ct. 414, 85 L.Ed. 500.

■■ The underlying basis of the doctrine has often been stated thus: "No one can lawfully do that which tends to injure the public or is detrimental to the public good." If it definitely appears that enforcement of a contract will not be followed by injurious results generally, at least what the parties have agreed to ought not to be struck down.

■ Appellant argues that the bill of sale is the basis of a defense which was pleadable in the cause in the Louisiana court, and its use as a defense in the cause in Alabama is precluded by the judgment of that court. The argument overlooks the substance of the defense relied on in the Alabama court.

The bill of sale itself is not relied on as a defense to this cause of action. The fact, if it be a fact, that it was not used in the Louisiana trial is but the consideration for the contract which defendant says he performed, and which contract is the basis of the defense relied on in the Alabama court.

■ It would serve no good purpose to repeat here what was said by this court on former appeal with reference to the third defense. Suffice it to say, this court held that since the complaint (as here) alleges that Zorn perfected an appeal to the Court of Appeals of Louisiana, it charges that he voluntarily submitted to the jurisdiction of that court, which rendered the final judgment on which this suit is predicated, so that if he did not thus appeal, that allegation is not sustained. If it was taken without his knowledge and consent by counsel not so authorized by him, but simply authorized to defend the suit in the District Court, he did not appeal, and he can show such want of authority on collateral attack of that judgment rendered in a foreign state when he is sued on it in this State.

On the issues thus raised much evidence was presented by both parties and we will not attempt to review it here. It was sufficient to carry all three defenses to the jury.

■ Assignments of error 33 to 41, both inclusive, are predicated upon the trial court's refusal to admit as evidence the certified copies of the original petition filed in the District Court of Bossier Parish, Louisiana, in the suit of Lowery versus Zorn, and all orders of the court referring thereto; interrogatories and answers; amended petition; supplemental answer of Zorn; and all other pleading in that cause.

We have examined the proffered evidence, and it has no tendency to shed light on any issue involved. It does not tend to prove that Zorn did not make the agreements with Lowery or that he breached them; nor does it tend to prove that Zorn prosecuted the appeal to the Circuit Court of Appeals of Louisiana, which, of course, took place after judgment was rendered by the trial court.

■ The facts called for by the question propounded by plaintiff to witness Harry V. Booth, made the basis of appellant's assignment of error 45, are not in dispute, and any error intervening in sustaining the objection to the question was harmless. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

The reasons assigned in answer to assignment of error 45 are applicable to assignments of error 47, 48, 49, 50, 51, 52, 53, 54 and 55.

No reversible error intervened in permitting defendant's witness Williams to testify that on the trip to Louisiana he was stopped by a highway patrolman, and that Lowery exhibited the bill of sale to the patrolman,—assignments of error 56 and 57.

The actual ownership of the truck was not in dispute, and, as to what Williams did with it after the accident in Louisiana, and whether Lowery gave any directions

concerning it after the accident, is not material,—assignments of error 58 and 59.

The question made the basis of assignment of error 63 calls for a conclusion of the witness, and the court did not err in sustaining the objection to it.

We have carefully examined each assignment of error. Those not specifically treated were considered answered by the opinion on former appeal, and we find no error in the ruling of the trial court in refusing to grant a new trial.

Finding no reversible error in the record, the cause is due to be, and is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.