Martha Ladd BARNES et al., Plaintiffs,
v.
Bessie Morrison KEENEY, Defendant
Civ. A. No. 1928.

United States District Court
S. D. Alabama, S. D.
May 15, 1958.

E. G. Rickarby, Fairhope, Ala., for plaintiffs.

Harry J. Wilters, Jr., Wilters & Brantley, Bay Minette, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

### Findings of Fact

1.

This is a suit on an *in personam* foreign judgment, rendered in Oregon against the defendant Bessie Morrison Keeney, a resident citizen of Alabama, and others. This suit concerns the judgment only as it affects the defendant Keeney.

2.

Several years ago, L. A. Morrison, now deceased, purchased stock of the Eastern-Western Lumber Company. He later, along with the other stockholders, participated in the liquidation of the Company. At least a part, if not all, of the proceeds received by L. A. Morrison from the liquidation, was placed in trust. Bessie Morrison Keeney, a sister of Morrison, was named as one of the beneficiaries of the trust that he established. Mrs. Keeney received from the appointed trustee, the United States National Bank of Portland, Oregon, some payment of money. Lee Burton Morrison, another of Mrs. Keeney's brothers, was named executor of the estate of L. A. Morrison.

3.

The plaintiffs in the Oregon action were successful in having the sale of stock of the Eastern-Western Lumber Company, in which sale L. A. Morrison had participated, rescinded and set aside. Since the corporation had been liquidated and the assets distributed, suit was brought against the recipients of the assets of the liquidated corporation. The L. A. Morrison estate had been distributed by the executor, Lee Burton Morrison. A large part of the estate was held in trust by the United States National Bank of Portland, as trustee and residuary legatee of the Morrison estate. Judgment was rendered against the trust, and against the beneficiaries of the trust, for the sums of money previously paid them from the trust. Personal judgment was given against Bessie Morrison Keeney for the sum of $3,175.58. Evidence was presented in this suit to the effect that the defendant did not receive the sum of $3,175.58 from the trust. Instead, her testimony was to the effect that she received payments from trust income totaling an amount considerably less than $3,175.58, and at no time did she receive a distribution of trust corpus.

4.

Defendant Keeney is a resident of Baldwin County, Alabama, and has been for the past twenty years. She has not been in Oregon for approximately that length of time. When the Oregon suit involving the Morrison trust was filed, Mrs. Keeney was notified by letter from the trustee bank of the commencement of suit and of the employing of one Mr. Davidson, the attorney of record for the trust, to defend the interest of the trust. The trustee bank subsequently notified her by letter of the adverse determination of the suit, of the pending appeal, of the determination of the appeal, and of the execution and termination of the trust. Mrs. Keeney did not reply to any of the letters written to her by the bank. Her only correspondence with the bank or the attorneys it employed, as shown by the evidence, was a letter directed to Mr. Davidson requesting two copies of the judgment rendered in the case.

5.

Mrs. Keeney did not expressly authorize the appearance of counsel in either the trial or the appeal of the Oregon case. She was informed that if she did wish to employ independent counsel, she might do so; otherwise, the suit would proceed with Mr. Davidson defending the interest of the trust as well as the individual defendants (of which she was one). She did not employ an attorney to represent her in any stage of the Oregon litigation, nor did she authorize an attorney to make an appearance for her. She was not personally served with process so as to bring her before the Oregon court. Constructive service was perfected upon her on May 14, 1949, in Baldwin County, Alabama. The Oregon judgment recites that Mrs. Keeney appeared by an attorney in the suit.

## 6.

The judgment is attacked in this suit brought to enforce it, on the basis that it is not entitled to enforcement because the Oregon court was without personal jurisdiction of the defendant Bessie Morrison Keeney.

### Conclusions of Law

#### 1.

In a suit to enforce a foreign judgment, that judgment may be contradicted as to the facts necessary to give jurisdiction to the court rendering the judgment. Once the verity of the judgment has been attacked, the proponent of the judgment is not required to stand on the record alone, but may present matter extraneous of the record to show that jurisdiction in fact attached.[1]

#### 2.

Collateral attack of a foreign judgment is permissible when it is shown that the judgment was rendered on the unauthorized appearance of an attorney for a party not otherwise subject to the court's jurisdiction.[2]

#### 3.

Where the proceeding is *in personam*, and is not a proceeding in rem, constructive service on a non-resident is ineffectual to give the court personal jurisdiction over the defendant.[3]

#### 4.

When the trustee rightfully conveys or delivers property held in trust to the beneficiary, that property vests in the beneficiary and becomes his absolute property free of the trust.[4]

#### 5.

For a court to order the repayment by legatees of a fund received from their testator, who had previously received money in excess of his share from the estate of another, the court must have personal jurisdiction of the legatees; constructive service on a non-resident legatee would not be sufficient to make the judgment binding upon him.[5]

#### 6.

It is the opinion of the court, based on the above findings of fact and conclusions of law, that the Oregon court did not have personal jurisdiction of the defendant Bessie Morrison Keeney. Personal jurisdiction was essential to entitle its judgment to foreign recognition. In summary: constructive service only, in this type of case, cannot fulfill the personal jurisdictional requirement; the trustee is not empowered to act for the beneficiary as to previously properly delivered money or property; and personal jurisdiction is not obtained by the unauthorized appearance of counsel. Since collateral attack is permitted in suits of this type and since the evidence reveals the above set out facts, enforcement of the Oregon judgment must be denied on the ground that there was no personal jurisdiction of the defendant Keeney. An order to this effect will be entered.

1. Mason v. Calhoun, 213 Ala. 491, 105 So. 643.

2. A.B.C. Truck Lines, Inc., v. Kenemer, 247 Ala. 543, 25 So.2d 511; Zorn v. Lowery, 236 Ala. 62, 181 So. 249.

3. Pennoyer v. Neff, 95 U.S. 714, 727, 24 L.Ed. 565.

4. See 90 C.J.S. Trusts § 348 e, 353 f, citing Birks v. McNeill, 185 Iowa 1123, 170 N.W. 485, 489.

5. Von Lingen v. Safe Deposit & Trust Co., 157 Md. 357, 146 A. 791, 794.