This is a breach of contract case.
Two contracts were entered into by the parties who were then man and wife. They shall still be referred to as "the husband" and "the wife" although they are now divorced. Both contracts were in writing, and each required the wife to sign a joint federal income tax return with the husband for the preceding year, and in consideration thereof, the husband agreed to pay to the wife certain periodic amounts during the next school year to be used for the tuition and other college expenses of one of the wife's daughters by a previous marriage. The first contract was entered into in 1982 and concerned the 1981 tax return. As to that contract, both parties testified without objection that the wife orally agreed to stay married to the husband. The second contract was executed in 1983 and pertained to the 1982 tax return, but as to that contract there was a dispute in the evidence as to whether the wife orally agreed to remain married to him as she did concerning the first contract. The wife signed the specified federal joint income tax returns for each of the two required years. Shortly after the execution of the second contract, the wife filed for a divorce and it was later granted.
The wife sued the husband for breach of both contracts for his failure to make some of the periodic payments under each of the contracts. The trial court entered a judgment in the wife's favor for $2,250 after an ore tenus, non-jury trial. The husband duly appealed.
The husband's first issue is that, since he contends that a part of the consideration for his signing the two contracts was the wife's agreement to remain married to him, the oral promise made the entire contract contrary to public policy, and the contract could not be enforced on that account.
The ore tenus rule applies in a breach of contract case.Rapaco, Inc. v. Agee, 453 So.2d 1048 (Ala.Civ.App. 1984). Since the ore tenus evidence conflicted regarding any promise by the wife to remain married to the husband as to the second contract, we are not concerned with the second contract insofar as this issue is concerned inasmuch as the wife's evidence that there was no such promise as to that second contract is supportive of the trial court's judgment relative to the husband's liability for the breach of that second contract. Therefore, we write upon this issue only with regard to the first contract only. *Page 979 
Since no objection was made to the introduction of evidence concerning the parties remaining married to each other, we do not inquire into any evidentiary problem arising from that testimony, but determine the merits of the issue.
As a general principle, a party may not enforce a void or illegal contract either at law or in equity. Thompson v. wiik,Reimer Sweet, 391 So.2d 1016 (Ala. 1980). However, the principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reason on which the doctrine rests. Exparte Rice, 258 Ala. 132, 61 So.2d 7 (1952); Lowery v. Zorn,243 Ala. 285, 9 So.2d 872 (1942). The true test to determine whether a contract is unenforceable because of public policy is whether the public interest is injuriously affected in such a substantial manner that private rights thereunder should yield to the public interest. Colston v. Gulf States PaperCorporation, 291 Ala. 423, 282 So.2d 251 (1973).
The husband contends that a contract to remain married is against public policy and cites White v. Equitable NuptialBenefit Union, 76 Ala. 251 (1884), which states that an agreement for the payment of money for the procurement of a marriage is contrary to public policy. He also relies upon the law that agreements which are supported by a consideration to encourage the severance of a marriage are contrary to public policy and illegal. Merchants National Bank of Mobile v.Cotnam, 250 Ala. 316, 34 So.2d 122 (1948).
We find no illegality in the wife's promise to her husband to remain married to him.[1] It appears to this court that public policy generally favors the preservation of marriage and so did the oral agreement. The present circumstance is worlds apart from the husband's cited cases concerning a payment for the procurement of marriage or concerning a payment to sever a marital relationship. The oral contract was not contrary to public policy and did not prevent the recovery by the wife from the husband for his breach of contract.
In his argument as to a second issue, the husband's only citation of any authority was "CJS Section 153." That citation is inadequate and is the equivalent of no citation of any precedent since there are hundreds of sections numbered 153 in Corpus Juris Secundum. Shory v. Peavy, 431 So.2d 1319
(Ala.Civ.App. 1983); William Wilson Enterprises, Inc. v.Napier, 395 So.2d 89 (Ala.Civ.App. 1981). We pretermit a decision upon any issue which was not supported by the citation of authority in brief. Rapaco, 453 So.2d 1048; Shory,431 So.2d 1319.
The final judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.
[1] Since no specific length of time that they were to remain married was stated and since no argument has been presented as to time or as to whether such a contract would have been enforceable as against the wife in the event she had attempted to breach such a provision, we are not concerned with, and do not decide, those questions.