*State v. Davidson*, No. 483-8-13 Wncv (Teachout, J., April 15, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 483-8-13 Wncv**

**State of Vermont,**
**Department of Public Safety**
        **Plaintiff**


        **v.**


**Joel Davidson**
        **Defendant**


### DECISION re:
### The State's Motion for Summary Judgment


The Department of Public Safety initiated this case to recoup, after accounting for offsets, certain funds it claims it overpaid a now-retired state trooper, Defendant Joel Davidson, as part of a back pay award and for a sum that it neglected to deduct from his annual leave payout upon retirement. The State has filed a motion for summary judgment.

*The back pay overpayment*

Mr. Davidson was wrongfully terminated from his position as a state trooper. The Vermont Labor Relations Board (VLRB) ordered his reinstatement and awarded *partial* back pay. On appeal, the Vermont Supreme Court concluded that Mr. Davidson was entitled to *full* back pay. The State then paid additional back pay to Mr. Davidson. Issues related to back pay and other matters remaining in controversy after the Supreme Court decision proceeded to the VLRB for resolution.

The VLRB expressly found:

The back pay payment made by the Employer to Appellant in June 2009 contained an error. Appellant improperly received back pay for the pay periods beginning January 20, 2008, and February 3, 2008, and part of the pay period starting January 6, 2008. Appellant was reinstated and began receiving regular pay effective January 15, 2008. Thus, the July 2009 back pay payment resulted in Appellant receiving double payment from January 15 – February 16, 2008. The error resulted in an overpayment to Appellant in the amount of $7,036.73.

It concluded:

The final issue before us is whether to correct an error made by the

Employer in back wages paid to Appellant subsequent to the Supreme Court. The Employer incorrectly overpaid Appellant $7,036.73 in back pay for a period where he already had received regular pay due to his reinstatement. We will order that Appellant reimburse the Employer for this overpayment. Otherwise, Appellant would be made more than whole for his improper dismissal.

And it ordered: "Appellant shall reimburse the Employer $7,036.73 for the back pay overpayment made to Appellant." VLRB Decision dated December 21, 2009. There is no indication in the VLRB's decision that it considered the problematic subtleties embedded in the back pay overpayment, in particular those related to ordering the recipient of a *net* amount of back pay to refund to the employer the *gross* amount that the employer paid (if that is what occurred in this case) due of the employer's exclusive fault.

Mr. Davidson appealed this decision to the Vermont Supreme Court, which evidently dismissed the case for procedural reasons on July 15, 2010. The VLRB decision ordering back pay reimbursement thus became final.

Shortly thereafter, DPS voluntarily compromised the amount owed to it. In a letter to Mr. Davidson, DPS's Director of Administration wrote as follows:

> As you know, the Vermont Labor Relations Board has ordered you to reimburse the State $7,036.73 for the back pay overpayment made to you in connection with the above referenced case. Now that the appeals process has concluded, the State is seeking your cooperation in repaying the amount owed.
>
> As you know, a portion of the aforementioned overpayment was not subject to taxation (interest and annual leave over the cap), and your retirement contribution was not subject to full taxation, therefore Payroll has recalculated the taxes and provided the net amount due in the attached spreadsheet. Please remit a check for $4,377.87, made payable to the State of Vermont, at your earliest opportunity.

Letter from Joanne Chadwick to Joel Davidson dated (Sept. 13, 2010); see also Letter from Joanne Chadwick to Joel Davidson dated (Dec. 17, 2010) (confirming claim for reduced amount of overpayment).

In this case, the State seeks to enforce the back pay overpayment as found by the VLRB, $7,036.73. See 3 V.S.A. § 1002 (enforcement of VLRB orders). It also proposes a complex process by which Mr. Davidson might then be able to recapture some losses ostensibly resulting from withholdings when the overpayment occurred. Mr. Davidson seeks to enforce the compromised amount of the overpayment, $4,377.87.

The record is clear that Mr. Davidson took steps, including not cashing certain checks from the State to use as an offset against the revised amount owed and attempting to transfer the remaining balance to the State, to satisfy his obligation on the compromised amount, the amount to which he and DPS agreed). As a general matter, agreements to compromise judgments for specific amounts are enforceable. See, e.g., *Lowery v. Zorn*, 9 So.2d 872, 873–74 (Ala. 1942);

2

*Horath v. Hess*, 170 Cal.Rptr.3d 325, 333–34 (Cal. Ct. App. 2014); 47 Am. Jur. 2d *Judgments* § 823 (WL updated Feb. 2015) ("A judgment creditor and debtor can agree to compromise and settle a judgment for less than the full amount of an award.").

The State has offered no reason why the court should enforce the amount ordered by the VLRB rather than the compromised amount that DPS subsequently agreed would fully satisfy the obligation to refund the overpayment. Asked to explain, at the hearing on the State's motion, DPS's communications to Mr. Davidson about the compromised amount, the State was unable to other than to generally assert that there must have been some sort of misunderstanding. The court concludes that, in these circumstances, the compromised amount is enforceable.

Accordingly, the back pay overpayment debt is $4,377.87.

*The uncashed checks*

There is no dispute that two checks made out to Mr. Davidson from the State ($18.76 and $214.46) totaling $233.22 were released to the State and should be used to offset Mr. Davidson's debt.

There also is no dispute that two other checks made out to Mr. Davidson from the State ($2,700.66 and $474.32) totaling $3,174.98 are in the State's possession and, once Mr. Davidson releases them to the State, should be used as an additional offset.

Mr. Davidson alleges that the face values of some or all of these checks represent net figures and he should be entitled to corresponding gross amounts when they are used in offset. In other words, he seeks credit in offset for greater amounts than the checks facially represent. There is no reasonable basis to inflate the values of the checks, however. The reason the State wrote these checks, and whether they represent gross or net amounts, does not matter. In offset, they are simply sources of funds with the same value they would have if Mr. Davidson were to cash them and use the cash to satisfy the debt.

*Annual leave balance payout*

There is no dispute that when Mr. Davidson retired the State paid off his annual leave balance but neglected to reduce the payout by a required retirement contribution. The undisputed value of that mistake is $1,200.18, which remains owing to the State.

*Summary*

Mr. Davidson thus owes the State $4,377.87 (back pay overpayment) and $1,200.18 (annual leave payout error) less $233.22 (the checks already released to the State) and $3,174.98 (the checks he has agreed to release to the State). Once Mr. Davidson releases the latter checks to the State, the balance due will be $2,169.85.

**ORDER**

For the foregoing reasons, the State's motion for summary judgment is granted on liability and as to the amounts described above. Attorney Humbert shall submit a form of judgment. Mr. Davidson shall have five business days to file any objection.

Dated at Montpelier, Vermont this _____ day of April 2015.

_____
Mary Miles Teachout,
Superior Judge