# Kingsbury *v.* Yniestra, Adm'r.

### *Foreign Judgment.*

1. *Record of judgment; how may be contradicted.*—The record of a judgment rendered in a sister State may be contradicted as to the facts necessary to give the court jurisdiction; and if it be shown that such do not exist, the record will be a nullity notwithstanding it may recite that they did.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.
The facts sufficiently appear in the opinion.

WATTS & WATTS, for appellant.—1. The main question presented is, whether the defendant had the right to plead and prove that he had no notice of the suit in Florida, and that he never appeared in person or by attorney, and that the persons pretending to act for him as attorneys in Florida had no authority to appear for him. It is admitted that the decisions in the State courts on this subject are contradictory. But the Supreme Court of the United States, in the case of *Thompson v. Whitman,* 18 Wall. 457, held after an elaborate discussion of the question that in a suit upon a judgment rendered in another State, the defendant could plead and prove any matter which showed the court had no jurisdiction of the person of the defendant or of the subject-matter.

[State, ex rel. Harrell, v. M. & M. Railway Co.]

HERBERT & BUELL, for appellee.

MANNING, J.—The principal question presented in the cause, is whether or not a defendant sued here upon a judgment recovered against him in a court of record in another State, in which it is recited that he was served with process, or appears by attorney, may controvert such recital and allege and show that he was not served with process, was not in any manner brought into court, had not submitted himself to its jurisdiction, or appeared therein, by attorney, or otherwise. The question arises under the clause in the Constitution of the United States which declares that—" Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," and the act of Congress passed to prescribe the manner in which such judicial proceedings shall be proved and the effect thereof. It consequently belongs to the Supreme Court of the United States definitely to determine what are the rights and duties of parties in suits to which these constitutional and statutory provisions relate; and that court, after a review of the cases and consideration of the law on the subject, a few years ago, in an elaborate opinion, announced its conclusion. It held that " the record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction; and if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist."—*Thompson v. Whitman*, 18 Wall. 457.

This adjudication we adopt as the law in such cases in the courts of this State, and as the ruling of the circuit judge in the cause before us, was not in harmony with it,—the judgment of the Circuit Court is reversed and the cause remanded.