# Wilkinson, *et al. v.* Lehman-Durr Co.

## *Ejectment.*

(Decided Feb. 6, 1907.     43 South. 857.)

1. *Judgment; Res Adjudicata; Insanity of Party.*—Where plaintiff's ancestor filed a bill in chancery to enforce a vendor's lien on the lands sought to be recovered in this case, in which proceedings the validity of a deed executed by plaintiff's ancestor was necessarily established, such degree is conclusive on such ancestor and his privies in estate until reversed or set aside, notwithstanding the fact that such ancestor was insane at the time of the attempted enforcement of the lien.

2. *Same; Collateral Attack.*—A decree which is valid on its face cannot be collaterally attacked because the party instituting the proceedings leading up to the decree was insane at the time.

[Wilkinson, et al. v. Lehman-Durr Co.]

APPEAL from Butler Circuit Court.

Heard before Hon. CHARLES P. JONES, Special Judge.

Ejectment by Salome B. Wilkinson and others against the Lehman-Durr Co. From a judgment for defendant, complainants appeal. Affirmed.

J. F. STALLINGS, for appellants.—If Wilkinson was of unsound mind at the time he conveyed the property to H. Z. Wilkinson, then the deed was void and title to the property never passed out of W. W. Wilkinson.—*Wilkinson v. Wilkinson*, 30 South. 578; *Dougherty v. Powe*, 30 South. 524; *Liverpool L. & G. Co. v. Tillis*, 110 Ala. 200. No part of the chancery file was proper or material evidence.—*Davis v. Tarver*, 65 Ala. 98; *Milligan v. Pollard*, 112 Ala. 465. The deed of July, 1885, was not affirmed or ratified by a bill to enforce a vendor's lien growing out of said deed.—*Wetmore Land v. Davis*, 1 Ala. 299; 7 Ala. 315; Clarke on Contracts, 262. It follows that the court erred in not submitting the question of fact to the jury and in giving the general affirmative charge for defendant.

ALEX TROY, POWELL & HAMILTON, and J. M. CHILTON, for appellee.—A judgment or decree necessarily affirming the existence of any fact, is conclusive on the parties or their privys whenever the existence of that fact is again in issue between them.—Freeman on Judgments, § 249; *Duchess of Kingston's Case*, 11 St. Trials, 251; *Lerondsen v. Leonard*, 4 Crauch 436; *Outram v. Morewood*, 3 East. 345; *Gardner v. Buckbee*, 15 Am. Dec. 256; *Hibsham v. Dulleban*, 29 Am. Dec. 89; *Lare v. Truman*, 10 Ohio St. 45; *Wales v. Lyons*, 2 Mich. 276; *Mayor v. Lord*, 9 Wall. 409; *Williams v. Batchellor*, 90 N. C. 364; 106 Ib. 153; 28 S. C. 445; 121 Ind. 483; 131 Mass. 151; 61 Cal. 131; 23 Mich. 442. The bill filed by Wilkinson necessarily involves an assertion of the validity of his contract of sale and, therefore, of his competency to make the sale.—*Perry v. King*, 117 Ala. 133; *Bloodgood v. Gracie*, 31 Ala. 575; *Hutchinson v. Deering*, 30 Ala. 798. The decree in the chancery case was

30 R

res adjudicata and binding upon Wilkinson and his privies in estate.—*State v. McBryde,* 76 Ala. 51; *Bobe v. Stickney,* 36 Ala. 482; *Burrien v. Shannon,* 99 Mas.. 200; s. c. 96 Am. Dec. 733; *Shelby v. Creighton,* 101 Am. Rep. 630; *Harshman v. Knox Co.,* 122 U. S. 318; *Hodges v. Winston,* 95 Ala. 514; *Dixon v. McLurney,* 97 Ala. 392; *Woodruff v. Stough,* 104 Ala. 327. An unequivocal act on the part of the vendor will preclude such vendor from afterwards setting up title in himself, and the question of election is not made dependent upon whether such election may be rendered effectual or not.—*Hickman v. Richburg,* 122 Ala. 642; *Fuller v. Eames,* 108 Ala. 464; *Lehman v. Van Winkle,* 92 Ala. 433. The decree was not open to collateral attack on account of insanity of Wilkinson at the time of its institution.—*Walker v. Clay,* 21 Ala. 807; *Allison v. Taylor,* 6 Dana. 87; *Spurlock v. Noe,* 39 L. R. A. 775, and authorities therein cited; Van Fleet's Coll. Attack, § 616; 1 Black on Judgments, §§ 205 and 266.

DENSON, J.—This is an action of ejectment, brought by the heirs at law of W. W. Wilkinson, deceased, against the Lehman-Durr Company, to recover possession of a storehouse and lot in the city of Greenville. The plaintiffs claim title through their ancestor, W. W. Wilkinson. Defendant asserts title from the same source, by deed executed by W. W. Wilkinson to H. Z. Wilkinson, of date July 6, 1885, a mortgage made by H. Z. Wilkinson and wife to defendant, of date July 10, 1885, a mortgage by the same parties to Moses Weil in 1886, a foreclosure of the Weil mortgage and a purchase by Weil at the foreclosure sale, and a deed from Weil's executors to defendant, of date November 13, 1895.

Admitting the execution of the deed from their ancestor to H. Z. Wilkinson, plaintiffs assert that before and at the time of its execution, and continuing until his death, W. W. Wilkinson was non compus mentis, and incapable of making the deed, or of executing any contract. The plaintiffs adduced considerable testimony in support of this contention. Defendant insists, further, that if it be true that, at the time of the execution of the

deed to Z. H. Wilkinson, W. W. Wilkinson was non compus mentis, these plaintiffs, privies of W. W. Wilkinson, are estopped to set up that the deed is void, for the reason that their ancestor filed his bill in the chancery court of Butler county, a court of competent jurisdiction both as to the parties and the subject-matter of the suit, seeking to enforce a vendor's lien upon their property, along with other property conveyed in the same deed to H. Z. Wilkinson, and made Moses Weil and this defendant parties thereto. In support of the alleged estoppel, the defendant introduced the bill, the answers, the testimony taken by both parties, and the decree of the chancery court in the cause. In the bill the execution of the deed from the complainant, W. W. Wilkinson, to H. Z. Wilkinson, is alleged, and a copy of the deed is made an exhibit to the bill. It is shown by the bill that it formed the basis of the contract between the parties, whereby and through which the claim of a vendor's lien was made. The answers of the respondents to the bill admit the execution of the deed as therein averred. Much evidence was taken in the chancery case; but, no point having been made on the validity of the deed, and its execution and delivery being admitted in the answers, none of the evidence brought in question its validity. On the final submission of the cause on the pleadings and proof, the chancery court decreed that the complainant had no vendor's lien, and dismissed the bill, at the same time adjudging the costs of the suit against the companant. The plaintiffs sought to avoid the chancery proceedings by proof that the complainant therein was insane at the time the bill was filed and throughout the progress of the cause in the chancery court.

The contract of sale between W. W. Wilkinson and H. Z. Wilkinson was evidenced by the deed, and the execution of the deed was a necessary averment in the bill and within the issuable facts made by the bill. Further, the averment as to the contract—the execution of the deed —necessarily implied that the deed, was a valid one; and the bill in this respect may be taken as a declaration by the grantor of the validity of the deed. If the

respondents in the bill had denied the validity of the deed, it would then have been a litigated issue, evidence thereon would have been admissible, and the court would have been called upon to make a decision expressly upon that issue. While the admissions in the answers rendered evidence to establish the fact that the deed was valid unnecessary, yet they did not affect the validity of the deed as an issue made by the bill, except to place it beyond the necessity of proof to support it. It remained an issue comprehended and involved in the decree of the court, notwithstanding it is not specially mentioned therein.— Bigelow on Estoppel, p. 145; Wells on Res Adjudicata, § 217; *Wood v. Wood,* 134 Ala. 557. Although the present suit is ejectment, yet, the validity of the deed having been necessarily an issue involved in the chancery court proceedings, the decree of that court was binding on W. W. Wilkinson and his privies in estate until reversed on appeal or set aside by direct attack thereon, unless (as is insisted by the plaintiffs) he was insane, and unless insanity in a party to a cause exempts him from the application of the doctrine of res adjudicata.—1 Black on Judgments, § 245; *Smith v. Kernochen,* 7 How. (U. S.) 198, 12 L. Ed. 666; *McGantt v. Baggett,* 128 Ala. 483, 29 South. 199; *Wood v. Wood,* 134 Ala. 557, 33 South. 347.

Conceding that Wilkinson was insane when the bill was filed, will that fact be available to set aside and hold for naught the decree of the chancery court on a collateral attack? "Where a judicial record is fair on its face, it cannot be shown collaterally that any party was insane at the time the proceedings were commenced or judgment rendered, because that will contradict the record."—Van Fleet's Collateral Attack, p. 654, § 616; Freeman on Judgments, § 205. In *Allison v. Taylor,* 6 Dana (Ky.) 87, 32 Am. Dec. 68, it is held that a judgment against a lunatic, on process served on him alone and not on his guardian, though erroneous, is not void; and it is said in the note to the case as reported in 32 Am. Dec. 68, that "unless set aside in chancery, or by some other appropriate remedy, a judgment against a

[Snell v. Roach.]

lunatic is of unquestionable validity." This case is cited by our court approvingly in the case of *Walker v. Clay*, 21 Ala. 797. The same doctrine obtains in many of the states, as will be seen by reference to the cases cited in notes to the section of Van Fleet quoted above. Some of these we here cite: *Brittain v. Mull*, 99 N. C. 483, 6 S. E. 382; *Speck v. Pullman Car Co.*, 121 Ill. 33, 12 N. E. 213; *Foster v. Jones*, 23 Ga. 168; *Denni v. Elliott*, 60 Tex. 337; *Johnson v. Pomeroy*, 31 Ohio St. 247. Following the texts and authorities cited supra, we hold that, even if it is true that W. W. Wilkinson was insane, it not appearing to have been suggested during the proceedings and there being no suggestion of it on the face of the record, the decree is binding on the plaintiffs as privies to W. W. Wilkinson, and is not subject to collateral attack, as was attempted in the trial of the cause below. On these considerations it follows that the trial court properly gave the general charge as requested by the defendant.

There are many rulings of the court on the admissibility of evidence, reserved in the bill of exceptions and

assigned here as error; but as the defendant was entitled to the affirmative charge, irrespective of these rulings, we need not consider them.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.