(105 So. 643)

MASON et al. v. CALHOUN et al.
(3 Div. 714.)

(Supreme Court of Alabama. Oct. 15, 1925.)

1. Judgment ⬅818(5) — Record of foreign judgment may be contradicted as to jurisdictional facts.

Record of judgment rendered in another state may be contradicted as to facts necessary to give court jurisdiction.

2. Judgment ⬅818(7)—Party offering foreign judgment may present extraneous evidence of jurisdiction.

Party offering judgment of foreign court, jurisdiction of which is attacked, is not obliged to stand upon record alone, but may present extraneous evidence that jurisdiction in fact attached.

3. Appeal and error ⬅837(11)—On appeal in equity, cause will be considered on relevant evidence shown by transcript.

Where on appeal in equity case it may appear that trial court considered evidence not properly entitled to consideration, that much of it will be rejected, and cause will be considered on relevant evidence and shown by transcript, in view of Code 1923, § 6565.

4. Judgment ⬅822(3) — Foreign judgment conclusive on question of indebtedness adjudicated.

Properly authenticated judgment of foreign court having jurisdiction is conclusive on question of indebtedness there adjudicated.

5. Fraudulent conveyances ⬅172(1) — Conveyance unassailable as between parties.

As between grantor and grantee, fraudulent conveyance is unassailable.

6. Fraudulent conveyances ⬅324—Decree setting aside conveyance as to creditors should direct payment to grantee of balance of proceeds of sale.

Decree setting aside conveyance as to judgment creditors, and directing payment to grantor of the balance of proceeds remaining after sale of property to satisfy judgment, is erroneous in failing to direct payment of such balance to the grantee.

7. Appeal and error ⬅1033(8)—Error in decree setting aside conveyance held not prejudicial to grantor.

Where a decree, setting aside a conveyance by debtor to his wife, was erroneous in directing payment to grantor instead of to grantee balance of proceeds of a sale to satisfy complainants' judgment, such error held not prejudicial to the husband, where there was no severance in the assignment of errors.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Bill in equity by J. M. Calhoun and another against A. H. Mason and Hattie A. Mason to set aside a conveyance as a fraud on creditors. Decree for complainants, and defendants appeal. Corrected and affirmed, and cause remanded.

Hybart, Hare & Dickey, of Evergreen, for appellants.

It was error to admit evidence going to the merits of the original controversy between the parties. 34 C. J. 1130, 1132; Forbes v. Davis, 187 Ala. 71, 65 So. 516. It was error to decree the conveyance void in toto. Any balance of the proceeds of sale should be paid to the grantee.

Hamilton & Jones, of Evergreen, for appellees.

The judgment of the Florida court is conclusive before the courts of this state, unless it be shown that the Florida court was without jurisdiction. 15 R. C. L. 915, 927.

SAYRE, J. Appellees, judgment creditors in virtue of the judgment of a court in the state of Florida, filed the bill in this cause to set aside a conveyance of land in Conecuh county by A. H. Mason, their judgment debtor, to Hattie A. Mason, as made in fraud of their rights, and to condemn the land to the payment of their debt.

[1-4] The Florida judgment was rendered in favor of complainants in this cause against the defendant A. H. Mason. By their answer in this cause the defendants denied that the Florida court had acquired jurisdiction of the person of the defendant in that cause. The law is that the record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction (Kingsbury v. Yniestra, 59 Ala. 320), and, if the jurisdiction of the court rendering the judgment is attacked, the party offering the judgment is not obliged to stand upon the record alone, but may present extraneous evidence to show that jurisdiction in fact attached. 34 C. J. p. 1144, § 1617. We do not understand that the trial court went beyond the rule thus stated in its consideration of the evidence in this cause. If, however, some of the evidence considered in the trial court be deemed to have a bearing on the merits of the case adjudicated in Florida, so much of it will now be rejected, and the cause considered on the relevant, material, and competent evidence noted and shown by the transcript. Code, § 6565. The properly authenticated judgment of the Florida court, having jurisdiction, is in this cause conclusive of the question of indebtedness there adjudicated. Forbes v. Davis, 187 Ala. 71, 65 So. 516.

[5, 6] The court correctly set aside the conveyance so far as it affected the rights of the complaining judgment creditors, but there was error in so much of the decree as directed the payment to the grantor of any balance that might remain after the payment of costs and complainants' demand as evidenced by their judgment. As between its parties, grantor and grantee, the conveyance was unassailable. Davis v. Swanson, 54 Ala. 277, 25 Am. Rep. 678; Davis v. Stovall, 185 Ala. 173, 64 So. 586. Any balance remaining after payment of costs and judgment should have been decreed to Hattie A. Mason, the grantee.

[7] However, this error does not prejudice appellant A. H. Mason. There is no severance in the assignment of errors, and the decree under review will not be reversed on account of it. The decree will be corrected, and, as corrected, will be affirmed. The cause will be remanded in order that the trial court may order a sale of the property at such time as may seem just and reasonable.

Decree corrected and affirmed; cause remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.