142 So. 661

**NORTHERN ALABAMA RY. CO. v. WIN-
CHESTER.**

8 Div. 380.

Supreme Court of Alabama.
June 9, 1932.

W. L. Chenault, of Russellville, and Bank-
head & Bankhead, of Jasper, for appellant.

198

J. Foy Guin and H. H. Hamilton, both of Russellville, for appellee.

KNIGHT, J.

Suit by Esther Lee Winchester, under the homicide statute, against the appellant for the death of her minor son. The complaint as originally filed contained three counts—the first for simple negligence, the second upon subsequent negligence, and the third ascribes the death of her son to a wanton and wrongful act on the part of the defendant's servants, agents, or employees, while acting within the line and scope of their "authority" as such agents, servants, or employees. The plaintiff, however, withdrew the first count of the complaint at the outset of the trial, and further amended her complaint by adding counts 4, 5, and 6. To the complaint as amended, and to each count separately and severally, the defendant demurred, assigning sixteen separate grounds of demurrer. Counts 4, 5, and 6 attempted to charge that plaintiff's son was killed as the result of a wanton and wrongful act on the part of the defendant's servants, while operating one of defendant's engines, with tender attached, at Russellville, Ala.

The court overruled defendant's demurrer, and this action of the court, in so far as it held counts 3, 4, 5, and 6 sufficient, is made the basis for appellant's assignments of error 1, 2, 3, and 4. It thus appears that the sufficiency of count 2 is not questioned on this appeal.

■■ Whether counts 4, 5, and 6—wanton counts—are sufficient or not, as against a properly directed demurrer, we are not called upon to decide, as the grounds of demurrer assigned to said counts do not properly present the defects, if any, of the counts. The court, therefore, will not be put in error for overruling the demurrer. Section 9479 of the Code provides: "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer." This court has long maintained and strictly enforced this requirement of the statute. The purpose of the statute is to prevent surprise and protect parties from the consequences of errors in pleading not made known until the time for amendment has passed. Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393. Of course, it is permissible under our system of pleading to charge negligence in general terms, but when the pleader undertakes to set out the acts relied upon to show' negligence, the facts stated must support the conclusion, or the pleading will be bad. Whether counts 4, 5, and 6 were subject to any properly directed demurrer, it is, as above stated, unnecessary to determine, as the demurrer does not point out the real defects of the counts, if there are any. We think count 3, however, is sufficient.

It therefore follows that the trial court committed no error, of which this appellant can complain, in overruling its demurrer to counts 3, 4, 5, and 6.

■ During the examination of the witness Horace Wilson, the plaintiff propounded to him this question: "Did you see them talking to these men at the train?" The defendant objected to the question, the court overruled the objection, and the defendant duly excepted. This ruling of the court is made basis for appellant's sixth assignment of error. The bill of exceptions shows that there was no answer made to the question. The exception is therefore unavailing.

The foregoing is the only question presented for review growing out of the admission and exclusion of evidence on the trial of the cause.

■ In the view we take of the evidence in the case, it is unnecessary to consider the propriety of the court's action in refusing any of the defendant's requested charges, except charges numbered and lettered 20, 1–C, 1–D, 1–E. These charges instructed the jury that, if they believed the evidence, they could not find for plaintiff under the wanton counts of the complaint.

We have carefully read the evidence as set out in the bill of exceptions, and are at the conclusion that, even under the scintilla rule, which applies in this state, the evidence wholly fails to show that the defendant's servants were guilty of any act of wanton wrong in connection with the death of plaintiff's son. The evidence wholly fails to show that any assault, or assault and battery, or any other intentional or wanton wrong, was committed by any servant, agent, or employee upon the deceased, or that any such servant, agent, or employee threw a "lump of coal" at him, while he was upon the tender to defendant's engine. The court therefore should have given defendant's requested charges 1–C, 1–D, 1–E, and 20. In failing to so instruct the jury, at the written request of the defendant, the court committed reversible error.

The evidence shows, without conflict, that plaintiff's son was a trespasser at the time he was run over and killed by plaintiff's engine and tender. We think, however, that the evidence warranted the submission of the cause to the jury under count 2 of the complaint, which is predicated upon subsequent negligence.

■ We are of the opinion, and so hold, that charge 31, requested in writing by defendant, under the evidence in the case asserts a correct proposition of law, and it should have been given by the court.

There was no error committed by the court in refusing the defendant's other requested charges, relating to count 2 of the complaint.

It is unnecessary to consider the propriety of the court's action in overruling defendant's motion for a new trial, as the cause must be reversed for the errors above pointed out.

In appellee's brief there is a statement that counts 4, 5, and 6, added by amendment, do not appear in the transcript. As a matter of fact they do appear on pages 3–A and 3–B.

For the errors pointed out the judgment of the law and equity court of Franklin county is here reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.