25 So.2d 511

**A. B. C. TRUCK LINES, Inc., v.
KENEMER et al.**

6 Div. 391.

Supreme Court of Alabama.

March 28, 1946.

Isaac Adams, of Dalton, Ga., and G. R. Harsh, of Birmingham, for appellees.

F. W. Davies and Spain, Davies, Gillon, Grooms & Young, all of Birmingham, for appellant.

SIMPSON, Justice.

The plaintiff, A. B. C. Truck Lines, Inc., brought suit against defendant, Kenemer, in the circuit court of Jefferson County, Alabama, for damages to one of plaintiff's trucks suffered in a collision with a truck of defendant, the action being predicated on the negligence of Kenemer's truck driver.

The defendant interposed pleas of res judicata. The trial court overruled the demurrers to the pleas and plaintiff then filed replications, to which demurrers were sustained and because of these adverse rulings the plaintiff nonsuited the cause and appealed.

The first plea alleged that the matters and things charged in the complaint had been previously adjudicated against plaintiff in a court of competent jurisdiction in the State of Georgia and by averment and exhibits made a part of the plea it appears that a similar suit for damages to Kenemer's truck on account of the same accident was instituted by Kenemer (defendant in Alabama) in the Georgia court against the A. B. C. Truck Lines, Inc. (the Alabama plaintiff), counting upon the negligence of the truck driver of the truck line company in the self-same collision. By the plea it was shown that the truck line company appeared in the Georgia case, was represented by counsel, and by and through such counsel, duly authorized, joined issue on the complaint of Kenemer, that a jury was impaneled, a verdict returned in favor of said Kenemer against the defendant A. B. C. Truck Lines, Inc., in the amount of $250 and costs, on which verdict a judgment was duly rendered by the judge of that court and that "said judgment has not been appealed from and has been paid."

Plea 2 is substantially the same as Plea 1, with the added allegation that in the collision the injuries and damages complained of in the Alabama complaint were proximately due to and caused by the negligence of the operator of the truck of the A. B. C. Truck Lines, Inc., and that the issue of contributory negligence of said truck driver on the occasion complained of and the issue of proximate contribution of such negligence to the said injuries and damages have been thereby previously fully adjudicated against the plaintiff (appellant).

Though there have been many scintillating refinements of the doctrine of res judicata, from which has been deduced some conflict of authority, the points of decision touching the instant case appear to have been very well settled.

The appellant first argues that the pleas are insufficient because, assertedly, they do not show an adjudication of the cause on the merits. In this we cannot agree and the trial court must be sustained in the contrary ruling.

The pleas, while not stating in haec verba that there was an adjudication on the merits, are clear and substantial to this effect. It is shown that in the Georgia court, having power to determine the issue, the defendant (truck line company) ap-

peared, issue was joined and after a jury and verdict returned, a judgment was duly rendered. This, we think, was all sufficient to indicate an adjudication on the merits rendering the pleas immune to the stated objection.

Speaking to this question, Corpus Juris has an apposite statement: "If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is upon the merits, although there was no actual hearing or argument on the facts of the cause." 34 C.J. 776.

On the same principle this court has indicated that a decision is generally regarded as on the merits if it was not controlled by some technical status not affecting the merits of the controversy as by reason of improper parties, defects in pleadings, matters in abatement, nonsuits and the like. Terrell v. Nelson, 199 Ala. 436, 74 So. 929.

The question is also raised in argument here, though there was no demurrer specifically challenging the pleas on this ground, that the two suits were upon different claims and that the pleas of res judicata are ineffective under the rule discussed in Central of Georgia R. Co. v. Dothan National Bank, 206 Ala. 602, 91 So. 351, and other cases of similar import. We think this argument likewise untenable and, in view of the dissenting opinion hereinafter appearing, will note our reasons.

The Georgia suit was for damages by reason of the negligent operation of appellant's truck, proximately resulting in the injuries complained of and the judgment was accordingly rendered on this issue and necessarily involved a determination of the question of the culpability vel non of both the plaintiff and defendant for negligence. To allow the instant claim as a basis for a right of action against the plaintiff in the former judgment when it was available as a defense to that action, the facts upon which the right of recovery is sought to be based being inconsistent with and in direct opposition to the facts on which the judgment plaintiff first recovered, would be contrary to the simplest and most fundamental principles of res judicata.

There is, of course, a difference between the effect of a judgment as an estoppel against the prosecution of a second action between the same parties on the same

claim or cause of action and on a different claim or demand. In the former, a judgment on the merits is an absolute bar to a subsequent prosecution of such claim or demand, while in the latter the prior judgment operates as an estoppel only to those matters in issue or questions controverted and determined. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195.

But, in the latter mentioned case, if "some matter litigated in the former suit (was) determinative of a matter [litigated] in the second suit," the estoppel arises. United Shoe Mach. Corp. v. United States, 258 U.S. 451, 459, 42 S.Ct. 363, 366, 66 L. Ed. 708.

The principle is well understood; the conflicts have arisen in its correct application.

██ There is a good exposition of the doctrine in 2nd Black on Judgments, where it is first noted that "it is a general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action; and this is true, not only with respect to further or supplementary proceedings in the same cause, but for the purposes of every subsequent suit between the same parties, whether founded upon the same or a different cause of action. 'A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies in reference to the same subject-matter. * * *'" 2nd Black on Judgments, § 754.

██ In further expounding the principle, the same treatise takes note of the apparent conflict of the foregoing rule with the equally important rule that a counterclaim or independent cause of action arising out of the same transaction not inconsistent with the plaintiff's claim need not be presented as a defense, but may be reserved as a basis for a future action.

The pertinent rule is then correctly stated: "* * * The doubt arises in cases where it is uncertain whether the same transaction gives to each party an independent cause of action, or in cases where the defendant's contention is both a defense to the plaintiff's claim and a ground for the recovery of damages. But it is believed that all such ambiguous cases may be solved by the application of the following rule:

Where judgment goes against the defendant, and he afterwards sues the plaintiff on a cross-claim which he might have presented in the first suit but did not, if the facts which he must establish to authorize his recovery are inconsistent with the facts on which the plaintiff recovered in the first action, or in direct opposition to them, the former judgment is a bar. In other words, if the way to his own recovery lies through a negation of the facts alleged by the plaintiff, that negation must be made good when the facts are first set up. For afterwards he cannot deny what the judgment affirms to be true. * * *"

This general principle is manifestly applicable to the case at hand, for it would be paradoxical indeed to authorize a second recovery in the self-same collision by a defendant in a former judgment against his judgment plaintiff by the establishment of a different state of facts inconsistent with and diametrically opposed to the facts on which the first recovery was based.

██ Corpus Juris, in analyzing the principle, announces a similar result, to-wit: "Where separate causes of action accrue to the parties out of the same transaction or state of facts, cross actions may be maintained, and neither will bar the other, unless the facts necessary to authorize a recovery in one action are contrary to, or inconsistent with, those required to sustain a judgment in the other." 34 C.J. 867, § 1279.

██ Also, to like effect is the following: "As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action, or if, although he introduces it in evidence in rebuttal of plaintiff's demand, it is not used as a set-off or counterclaim, this will not preclude him from afterward suing plaintiff upon it, in the absence of some statute to the contrary. But this rule does not apply where the subject-matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which defendant would have to rely in order to establish his demand * * *." 34 C.J. 863, § 1276. See also Id., §§ 1282, 1283, pp. 868, 874, and Bell v. Jones, 223 Ala. 497, 136 So. 826.

There is a good statement of the general rule by Chief Justice Hughes of the United ·States Supreme Court in the case of Chicot County Dist. v. Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (citing Grubb v. ·Public Utilities Comm'n, 281 U.S. 470, 479, 50 S.Ct. 374, 74 L.Ed. 972, and Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195): "* * * res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" [308 U.S. 371, 378, 60 S.Ct. 320.]

The proposition was considered by our own court in the recent case of Ex parte Proctor, 22 So.2d 896, where it was pointed out the estoppel obtained though the two actions were not the same. It was there demonstrated that though the suits were not identical, as respects the subject matter of the two they were the same, and that "it is not the recovery .but the matter upon which the recovery proceeds which creates the estoppel." Page 899, quoting 30 Am.Jur. 912, § 165.

Other of our decisions also pertinent are: Glasser et al. v. Meyrovitz, 119 Ala. 152, 24 So. 514; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Savage v. Savage, Ala.Sup., 20 So.2d 784;[1] Gilmer v. Gant, 246 Ala. 671, 22 So.2d 176; Murrell v. Smith, 51 Ala. 301; Wilkinson v. Lehman-Durr Co., 150 Ala. 464, 468, 43 So. 857, 858, 124 Am.St.Rep. 75; 13 Ala.Dig., Judgment, ☞713(2).

It is plain that the declared principle is distinctly applicable here, for it must be conceded that in such a case 'a *right* of recovery never could accrue to both parties. Negligence of both parties and absence of negligence of either would preclude a recovery and there can only be a recovery where one such party to an automobile collision is guilty of actionable negligence and the other is not so negligent.

Any different conclusion would open the door in all such cases for the possibility of two separate damage suits from the same collision should the defendant in the first suit elect not to tender the issue of the contributory negligence of the adversary party, but should defer to claim it in a second action against him. It could arise, under such a status, that each party, when plaintiff, might recover against the other for negligence in the same accident. It is apodictic that neither logic nor sound doctrine could countenance such an anomaly where, as in Alabama, the contributory negligence of the defendant, when properly pleaded and proven, is a defense to such an action. (See 34 C.J. 1135, 1136, § 1611, declaring the rule as applicable to foreign judgments, and 31 Am.Jur. p. 146, § 536, for discussion of the principle as controlled by the full faith and credit clause of our Federal Constitution.)

Incidental to this argument is the contention that the pleas could be construed as indicating the rendition of the Georgia judgment by consent, in which case it is argued it would not have been an adjudication on the merits and could not be raised as a bar of estoppel to the instant suit. While, as heretofore indicated, we do not so construe the pleas, a sufficient answer to the argument is that even on direct attack in the absence of fraud in its procurement, the parties being sui juris and not standing in confidential relations to each other, a judgment or decree by consent is as conclusive between them and their privies as if the suit had been an adversary one and rendered after a trial on the facts. Adler v. Van Kirk Land & Construction Co., 114 Ala. 551, 561, 21 So. 490, 62 Am. St.Rep. 133; 31 Am.Jur. § 462, p. 107.

Pertinent is the observation in the last-cited case that "the fact that the decree (or judgment) * * * was rendered by consent of parties does not, therefore, detract from its dignity, or lessen its conclusiveness, as an adjudication between the parties. Not only is such its effect, but its consent is a waiver of error, precluding a review of the decree upon appeal, and, as a general rule, upon a bill of review." Adler v. Van Kirk Land & Construction Co., supra, 114 Ala. 551 at page 561, 21 So. 490, 493, 62 Am.St.Rep. 133.

Appellant relies on Carr v. Illinois Central R. Co., 180 Ala. 159, 60 So. 277, 43 L.R.A.,N.S., 634, to sustain the contrary argument, but the later case of Cowley v. Farrow, 193 Ala. 381, 69 So. 114, the same Justice writing, declared a distinction and reaffirmed the principle enunciated in the Adler case, above.

It may be noted here too that the attack on the Georgia judgment is collateral

---

[1] 246 Ala. 389.

and that it was rendered by consent affords no basis for its impeachment. Judgments and "decrees by consent * * * are open to direct attack only." Cowley v. Farrow, supra, 193 Ala. 381 at page 384, 69 So. 114, 115; 34 C.J. 516, § 817.

The next consideration relates to the sufficiency of the replications which sought to avoid the plea of res judicata by setting up that the Georgia judgment was the result of a settlement of that suit by Kenemer and the A. B. C. Truck Line's liability carrier and was without appellant's consent and over its protest and objection.

These replications, while seeking to attack collaterally the Georgia judgment, do not deny the jurisdiction of the court or the authority of the appellants' attorneys of record to appear for it in the Georgia suit. On the contrary, it appears by affirmative averment that, by the contract of liability insurance, the appellant had authorized its liability carrier to employ counsel to defend any suit in its name and to make any settlement deemed expedient, which the insurance company did in the Georgia suit.

■ The rule of our cases is that a domestic judgment, regular on its face, is conclusive on collateral attack. Wise v. Miller, 215 Ala. 660, 111 So. 913; Louisville & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114.

■ In case of direct attack, lack of jurisdiction may be shown by proof aliunde but, on collateral attack, lack of jurisdiction must properly be made to appear from the face of the record itself. Id.

■ The same is generally true as regards a foreign judgment except that the verity of the record may be contradicted by extrinsic evidence to show lack of jurisdiction (Kingsbury v. Yniestra, 59 Ala. 320; Mason v. Calhoun, 213 Ala. 491, 105 So. 643) and on this theory such judgment may be collaterally assailed by showing that the judgment was rendered on the appearance of an attorney without authority (the court not having otherwise acquired jurisdiction of the defendant). Zorn v. Lowery, 236 Ala. 62, 181 So. 249.

■ But once having acquired jurisdiction, the court being competent to adjudicate the matter, a foreign judgment is as solemn against such attack as one domestic, Mason v. Calhoun, supra, (4), even though, as argued by appellant, there may be a searching inquiry into the jurisdiction of the court in which the judgment is rendered, over the subject matter, or the parties affected by it, or into the facts necessary to give such jurisdiction.

■ This principle, of course, would preclude the impeachment of such judgment on the ground that it was effected through a compromise with the attorney of the defendant, the court being competent to adjudicate the subject and having previously acquired jurisdiction of the parties, regardless of whether or not the defendant had consented to or authorized such disposition of the cause.

■ The issue made by the replications, then, that the Georgia judgment was the result of a compromise by the attorney of appellant's liability carrier (and we interpolate, the appellant's attorney too, under authority of its liability insurance contract) may not be tendered to collaterally impeach the Georgia judgment, the insurance company having acted pursuant to the authority vested in it under the insurance contract.

The current of authority referred to in brief of counsel treating of the relationship between insurer and insured under contracts of liability insurance is not regarded as of influence upon the case in hand. Without burdening the opinion by here declaring the distinction, it will be manifest upon reference to these cases, notably Haluka v. Baker, 66 Ohio App. 308, 34 N.E.2d 68, and Foremost Dairies v. Campbell Coal Co., 57 Ga.App. 500, 196 S.E. 279.

The theory is advanced that the pleas of res judicata ignore other actionable rights the appellant may have even though his contributory negligence was necessarily impleaded and determined in the Georgia suit.

■ It is true that original contributory negligence is no defense to an action for subsequent negligence proximately causing injury (Central of Georgia R. Co. v. Forshee, 125 Ala. 199(6), 27 So. 1006), and a recovery against a defendant for subsequent negligence is allowable under a sufficient count charging simple negligence in general terms. Southern R. Co. v. Lime-Cola Co., 210 Ala. 336, 98 So. 1; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; 15 Ala. Digest, Negligence, ☞119(6).

■ Likewise, contributory negligence is no defense to a personal action for injuries based on the wanton conduct of the

**550**

defendant. Davis v. Smitherman, 209 Ala. 244, 96 So. 208.

Nor does the wanton contributory conduct of the plaintiff preclude a recovery against the defendant for wantonness as is enunciated in such cases as Central of Georgia R. Co. v. Partridge, 136 Ala. 587, 34 So. 927; Louisville & N. R. Co. v. Orr, 121 Ala. 489, 26 So. 35; Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215; Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A.L.R. 1093.

These considerations, however, are not immanent in the present discussion and are completely dehors the issue presented.

To invite such a review, appellant's demurrer should have been interposed specifically challenging the sufficiency of the pleas on these grounds, which was not done. No point is taken, either by the demurrer to the pleas or in the replications to invoke a consideration of the last stated principles dealing with negligence or wantonness, and it is deemed inappropriate to undertake a discussion of their applicability to the case as presented. Code 1940, Tit. 7, § 236; Ex parte Payne Lumber Co., 203 Ala. 668, 85 So. 9; Northern Alabama R. Co. v. Winchester, 225 Ala. 197, 142 So. 661; Alabama Power Co. v. Curry, 228 Ala. 445, 153 So. 634; U. S. Health & Accident Ins. Co. v. Coin, 197 Ala. 584, 73 So. 117; Sanders v. Gernert, 221 Ala. 469, 129 So. 46.

In concrete, we have concluded that the pending action cannot escape the bar of the Georgia judgment as presented by the pleas of res judicata and, of consequence, the judgment of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON, LAWSON and STAKELY, JJ., concur.

FOSTER, J., specially concurs.

BROWN, J., dissents.

FOSTER, Justice (concurring specially).

The difference between pleas 1 and 2 is that plea 1 is in substance that the negligence of defendant (Kenemer) was adjudicated in the Georgia case in which Kenemer was plaintiff, whereas plea 2 is in substance that the negligence of the truck lines, plaintiff in the instant suit, was adjudicated in that same Georgia case, and that it was there determined that it was negligent. That determination cannot be controverted, whether the two suits are based on the same cause of action or not, because such negligence was in fact an issue, and the only issue expressly made by the pleadings in that case. The instant suit is for simple negligence, and therefore plaintiff's contributory negligence is a complete bar to recovery, and was set up in plea 2. That defense under that plea is proven by proving the allegations of plea 1. So that plaintiff cannot be injured by the error if any in overruling the demurrer to plea 1.

As to whether the instant suit is based on the same claim or demand as was the Georgia case so as to make the judgment in the latter case res judicata of Kenemer's negligence, though his negligence was not pleaded, leads us into a peculiar status of the law as contained in our cases. To illustrate that statement, we refer to cases on the subject, had the suits been based on wantonness instead of simple negligence. Our Court has repeatedly held that in such a suit the wanton contributory conduct of plaintiff does not prevent a recovery. Davis v. Smitherman, 209 Ala. 244, 96 So. 208; Central of Georgia R. Co. v. Partridge, 136 Ala. 587, 34 So. 927; Louisville & Nashville R. Co. v. Orr, 121 Ala. 489, 26 So. 35, overruling a contrary expression in Georgia Pacific R. Co. v. Lee, 92 Ala. 262, 272, 9 So. 230; see annotation in 41 A.L.R. 1382. Our view is likewise expressed in Alabama Power Co. v. Kendrick, 219 Ala. 692(12), 696, 123 So. 215. Since the Lee case, supra, was overruled there seems to be no opinion in this Court sustaining that case, though other courts do not adopt it. 45 Corpus Juris 982.

I am assuming that the Alabama doctrine will not be repudiated by this Court, since it is now stare decisis, though we may not agree that it is sound. The doctrine is that when each party to a collision is suing the other on a wanton count, neither suit should be defeated by plaintiff's wantonness. It was likewise held in actions for an assault and battery, that both parties may recover each against the other. Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A.L.R. 1093. This shows that each suit is based on a separate claim or cause of action. The reason underlying the holding that if both are wanton contributing to the damage, they are in pari delicto, and the court will leave them as they have thus placed themselves. But that theory was not sustained in our later cases of wantonness or assault

and battery. There was no contention that the claim or demand in each case is the same.

In Alabama Power Co. v. Kendrick, supra [219 Ala. 692, 123 So. 219], the view was expressed in the concurring opinion of Justices Bouldin and Thomas that if both claim wantonness by the other in a suit where defendant filed a plea of recoupment claiming plaintiff's wantonness, the jury could render such verdict as the circumstances justify, but that "in negligence cases no right of action can arise in favor of both," because "the contributory negligence of the plaintiff defeats his right of action, but does not give defendant a right of action for injury received by him, due to the negligence of both parties." This is so in negligence cases and not in wanton cases because in one plaintiff's fault of the same sort as claimed by him defeats a recovery, but not in the other. It is not predicated on the theory that the claim of each against the other is the same demand.

In negligence as in other cases defendant may try the suit on pleas which he selects. If he does not plead plaintiff's contributory negligence, it is not in the issue as made, and therefore the trial does not decide the matter of plaintiff's negligence in a suit on some other claim between the same parties.

I think we should keep the foregoing distinctions in mind when questions arise. While they are not here controlling, the proper analysis should be made consistently with our cases or overrule them.

I therefore am of the opinion that plea 1 is subject to the demurrer, but plea 2 is not, and that there was no injury to appellant in holding that plea 1 is not subject to demurrer. I concur in the opinion in other respects and in the result.

BROWN, Justice (dissenting).

The plaintiff's complaint consisting of a single count sets forth its claim, omitting averments of inducement, as follows: "The servant, agent or employee of defendants while acting within the line and scope of his employment did so negligently operate a motor vehicle of defendants as to cause or allow the same to run upon or against said truck and trailer of plaintiff and plaintiff's truck and trailer and the cargo contained therein were thereby severely damaged or destroyed and caused to depreciate in value; plaintiff further shows that all of his injuries and damages aforesaid were sustained as a proximate consequence of the aforesaid negligence of defendants' servant, agent or employee, acting within the line and scope of his employment." Under this complaint the plaintiff could show not only initial negligence but subsequent negligence, and although it might be found that the plaintiff was guilty of contributory negligence which barred a recovery for initial negligence, nevertheless, he could still recover for subsequent negligence or negligence after the discovery of peril. Therefore, if we concede that the Georgia proceedings evidenced initial negligence on the part of the plaintiff which concurred in causing the collision this negligence was not a bar to plaintiff's right to recover for subsequent negligence. Central of Georgia R. Co. v. Forshee, 125 Ala. 199, 27 So. 1006.

It clearly appears from the averments of defendant's plea of res judicata numbered 1 that the only claim involved in the suit by Kenemer against the truck lines, brought in the civil court of Fulton County, Georgia, was the claim of Kenemer against the truck lines for damage to Kenemer's property, to wit, a truck. It further appears that the claim of the A. B. C. Truck Lines, Inc., the plaintiff in this case, for damage to its truck and trailer was not impleaded in that litigation and hence the court's jurisdiction over that claim was not invoked. It is too clear to permit of controversy that the claim of the plaintiff in this case is different and distinct from the claim involved in the litigation in the Georgia court. The subject matter of that litigation was the claim of Kenemer against the truck lines.

It further appears from the exhibits attached to said plea that the issue of contributory negligence of the plaintiff in the case as a bar to its recovery on its claim was not litigated in the Georgia court.

In applying the doctrine of res judicata it must be borne in mind that there is a wide difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand, or cause of action, and its effect to preclude the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. Sac Coun-

ty, 94 U.S. 351, 24 L.Ed. 195; Central of Ga. R. Co. v. Dothan Nat. Bank, 206 Ala. 602, 91 So. 351; Commissioners' Court, Tuscaloosa County v. State, 180 Ala. 479, 61 So. 431; Crowder v. Mining Co., 127 Ala. 254, 29 So. 847; Irby v. Commercial Nat. Bank of Eufaula, 204 Ala. 420, 85 So. 509.

A final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action. Tait v. Western Maryland R. Co., supra; Cromwell v. Sac County, supra; Bank of North America v. Wheeler, 28 Conn. 433, 73 Am.Dec. 683; McEwen v. Grocers' Loan & G. Co., 116 Fla. 540, 156 So. 527. If, however, the two suits do not involve the same claim, demand, or cause of action, such effect will not be ordinarily given to the prior judgment. Myers v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165; Schleicher v. Schleicher, 120 Conn. 528, 182 A. 162, 104 A.L.R. 572. In this respect, it is worthy of notice that there must be not only identity of subject matter, but also of the cause of action, so that a judgment in a former action does not operate as a bar to a subsequent action, where the cause of action is not the same, although each action relates to the same subject matter. United Shoe Machinery Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Creek v. Laski, 248 Mich. 425, 227 N.W. 817, 65 A.L.R. 1113; Cook v. Conners, 215 N.Y. 175, 109 N.E. 78, L.R.A.1916A, 1074, Ann.Cas. 1917A, 248.

In Bell v. Jones, 223 Ala. 497, 36 So. 826, 829, an original petition for mandamus addressed to this court, a suit was instituted by Baggett Freight Lines against Bell claiming damages for injury to its truck in the circuit court of Jefferson county. Bell instituted suit in the circuit court of Montgomery county against the New York Indemnity Company, the insurance carrier of Baggett Freight Lines, claiming damages for personal injury and property loss growing out of the same accident or occurrence. The insurance carrier filed a plea in abatement in the Montgomery circuit court setting up the pendency of the action in the Jefferson circuit court, alleging that the issues in both cases were the same, and that a determination of those issues in the suit first brought in the Jefferson circuit court

would settle the controversy, praying that the action be abated in the Montgomery circuit court. The court made an order to that effect, and the purpose of the petition for mandamus was to have that order vacated. The basis of the argument in substance was that the Indemnity Company was standing in the shoes of the Baggett Freight Lines, being in privity with it by contract, and therefore a judgment for or against Baggett, plaintiff in the Jefferson circuit court, would be conclusive between Bell and the insurance carrier as to the issues of negligence.

The writ was granted by this court requiring the Montgomery circuit court to vacate the order and restore the case to the docket for trial. While much was said in the opinion of Justice Thomas, the authoritative utterance is found in the last paragraph of the opinion: "All the Justices are agreed that the several suits in question, presented by the petition, are separate and independent; that the parties to be bound are different and sued in different rights; and that the circuit judge was in error in staying or abating the Montgomery county action. The writ will issue to the extent of and for the setting aside, annulment, and cancellation of 'said judgment of April 25, 1931, and to restore said cause to the trial docket of said court,' thereafter to be called and dealt with under the law and procedure obtaining in the circuit court."

That the Indemnity Company, the defendant in the Montgomery circuit court, stood in the shoes of the Baggett Freight Lines in so far as the issue of negligence was concerned there can be no doubt, and could defend on the ground of concurring contributory negligence by Bell, if such negligence could be established, but the Indemnity Company had no right or authority to plead the claim or cause of action of Baggett Freight Lines asserted against Bell in the Jefferson circuit court in the Montgomery circuit court. The issue of contributory negligence as to Baggett's claim was purely defensive and could be asserted only in the court where that claim was pleaded as a basis of the cause of action. This is also true as to contributory negligence of Bell; this defense could only be asserted in the action in the Montgomery circuit court against the claim of Bell. Therefore, the holding in the case of Bell v. Jones, supra, supports this opinion, and

demonstrates that the Georgia judgment is not good as res judicata.

Analogous to the question presented in this case, Myers v. International Trust Co., supra, holds that an action to recover damages for deceit in obtaining money by a false statement of financial condition is not the same as an opposition to a confirmation of a composition in a bankruptcy proceeding because of such alleged deceit, and therefore a judgment allowing a composition is not a bar to an action for deceit on the ground of res judicata.

Schleicher v. Schleicher, supra, holds that a judgment for the defendant in an action to determine title to realty does not preclude the plaintiff therein from subsequently bringing an action against the defendant to recover sums expended by him for carrying charges and repairs while occupying the premises under a bona fide claim of ownership.

In Central of Ga. R. Co. v. Dothan National Bank, supra, the plaintiff purchased a car of cotton seed meal and consigned it to himself at Richmond, Virginia, delivered it to the railroad company taking its bill of lading therefor, notify buyer, and in payment seller drew a draft on buyer for price attached to the bill of lading which seller endorsed to complainant bank, and the goods were delivered by connecting carrier to another company without bill of lading, which company deposited the invoice price and subsequently sued the carrier and plaintiff in a Virginia court for the return of the money to which plaintiff made no claim. This case holds that plea of res judicata, rested upon the judgment of the Virginia court, was no answer to an action against the carrier for conversion, pleas not showing that the plaintiff had ratified or waived its rights under the shipping contract. In that case this court speaking through the then Chief Justice observed [206 Ala. 602, 91 So. 356]: "Pretermitting other reasons and conceding, only for the purpose of deciding this case, that the Virginia judgment, set out in the defendant's pleas, was valid and binding upon this plaintiff as to the matters thereby adjudicated; yet the pleas fail to show that the claim or demand in the present suit was involved and adjudicated in the Virginia suit, and the action of the trial court, in sustaining the plaintiff's demurrer to the defendant's special pleas, can be affirmed on this ground alone."

Irby v. Commercial National Bank of Eufaula, supra, holds that while a former judgment is a bar or estoppel against the prosecution on the same claim or demand between the same parties, and concludes them, not only as to what was offered to maintain or defeat the claim or demand, but as to any other admissible matter which might have been offered; but that where the subsequent action between the same parties is upon a different claim the judgment in the former action operates as res judicata only as to matters in issue, or points controverted, and upon which the determination and finding, or verdict, was rendered.

In Commissioners' Court, Tuscaloosa County v. State, supra, this court held that a judgment denying a writ of mandamus to compel the commissioners to pay over to the city a part of the proceeds of a special road tax was not res judicata of a proceeding to compel the Commissioners' Court to pay over to the city a portion of a general tax appropriated to the Road and Bridge Fund. The two claims being separate and distinct.

These authorities, and the preceding observation, are sufficient to show that the defendant's plea 1 was subject to the objection pointed out by grounds 23 and 24 of plaintiff's original demurrer, and grounds 23, 24, and 25 of the additional demurrer. Ground 9 of the additional demurrer takes the point that the averment of the plea "that the matters and things set up in plaintiff's complaint have been adjudicated against plaintiff", is a conclusion of the pleader.

Defendant's special plea 2 is subject to the same objections. It, like plea 1, pleads the identity of the "accident", but not the identity of the claim, demand or cause of action.

It appears from the exhibit to said pleadings that the action in the Georgia court was commenced by attachment on the grounds that the defendant, A. B. C. Truck Lines, Incorporated, was a non-resident corporation, organized under the laws of Florida, and the claim set forth in the initial affidavit or pleading was for $1,685.75. The attachment was levied upon one 1½ ton Chevrolet truck, and one Frauhof trailer. That notice of the pending attachment was, as indicated by officer's return, "served the defendant A. B. C. Truck Lines, Inc., a corporation, by serving a copy of the within notice on H. M. Clokey, in charge of the office and place of transaction the usual and ordinary public business

of said corporation, in Fulton County, Georgia." There is nothing in the proceeding to show that the truck lines had qualified to do business in the state of Georgia, nor that Clokey was an agent of the defendant upon whom process was authorized to be served. The statute of Georgia authorizing service of process on foreign corporation is not pleaded. Said proceedings also show that John M. Slaton and James J. Slaton appeared and filed in the attachment proceeding a denial of the material allegations of the complaint as attorneys for the defendant in that suit.

The plaintiff's replications aver that said John N. Slaton and James J. Slaton were not employed by the plaintiff truck line, but were employed by an insurance carrier who had issued a policy of liability insurance to plaintiff covering the claim involved in said suit, in which said insurance carrier agreed to defend said suit, and that said carrier should have the right to make investigation, negotiations and settlement of any claim or suit as might be deemed expedient by said company. That said attorneys, acting under and by virtue of their employment by said insurance company, consented and agreed to the entry of said judgment in the Georgia court for $250 without the consent of the plaintiff, that the judgment was not entered after a trial of the cause upon its merits, but entered by consent by the defendant Kenemer and the attorneys representing the insurance company; and that said insurance company paid said judgment. Attached to the replication is a copy of the insurance contract in which the following stipulation appeared:

"11.  Defense, Settlement, Supplementary Payments.

"As respects such insurance as is afforded by the other terms of this policy under coverages A and B the company shall

"(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company;

"(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but

without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, and expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of accident;

"(c) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request."

There is nothing in this stipulation to authorize the insurance company, or the attorneys employed by it, to implead the plaintiff's cause of action in this case in the Georgia court proceeding.

Conceding, for present purposes, that the averments of the replications to defendant's pleas is a collateral attack upon the Georgia judgment, and not a mere interpretation of the record in that proceeding, it is well settled that such foreign judgment is subject to collateral attack when impleaded in the courts of this state. Zorn v. Lowery, 236 Ala. 62, 63, 181 So. 249, 250. In that case this court speaking by one of the distinguished Justices observed: "There is a distinction between the effect of a domestic judgment rendered on the appearance of an attorney without authority from that of a foreign judgment, when under collateral attack. As to a domestic judgment the rule seems to prevail that it is not subject to collateral attack on that ground, but that it is so when a foreign judgment is thus under attack. Wise v. Miller, 215 Ala. 660, 111 So. 913; Harshey v. Blackmarr, 20 Iowa 161, 89 Am.Dec. 520, 523; 5 Am.Jur. 310, § 83; 34 Corpus Juris 537, § 840, p. 1148, § 1625; 88 A.L.R. 36. Compare Mason v. Calhoun, 213 Ala. 491, 105 So. 643 and Kingsbury v. Yniestra, 59 Ala. 320."

It appears on the face of the proceeding that in the proceeding in the Georgia case, as we have pointed out, the claim involved in the suit in this case was not pleaded, and for this reason on the face of the proceeding the Georgia court had no jurisdiction over that claim. It also appears on the face of the proceeding that no proof was made, and the return of the officer does not recite, that the person upon whom process was served was an agent of the corporation,

plaintiff in this case, upon whom service could be perfected.

The statute of Georgia in respect to the service of process on foreign corporations not being made to appear here by pleading, in the construction of said pleading we will apply the law of the forum which requires that the return of the officer as to the service of process show, "that the person to whom delivered is an agent of the corporation, or proof must be made that such person upon whom process was served was such agent". Peet & Co. v. Hatcher, 112 Ala. 514, 522, 21 So. 711, 57 Am.St.Rep. 45; see also Code 1940, Tit. 7, § 188; Baker v. Sparks, 202 Ala. 653, 654, 81 So. 609; St. Mary's Oil Engine Co. v. Jacksonville Ice, etc., Co., 224 Ala. 152, 138 So. 834; Palatine Ins. Co. v. Hill, 219 Ala. 123, 121 So. 412; Ex parte New Home Sewing Mach. Co., 238 Ala. 159, 189 So. 874. In the Peet & Company v. Hatcher case it was observed [112 Ala. 514, 21 So. 713]: "It may be well said that, as we judicially know no other law of the case than our own, the parties litigant, by failing to produce the lex loci contractus, impliedly agree that it is the same as the lex fori, be the latter common law or statute. Thus, it may be regarded as settled in this state that when a contract made in a state or country wherein we cannot presume the existence of the common law is sought to be enforced in the courts of this state, and the lex loci is not produced, we will apply to it our own law."

Our judgment, therefore, is that the court erred in overruling the plaintiff's demurrer to the special plea and to the replications, and for these errors the judgment must be reversed.

The concurring opinion of Mr. Justice Foster overlooks the fact that some of the essential elements of res judicata, or res adjudicata, so far as applicable to the plaintiff's claim or cause of action, is absent in the Georgia court proceedings. To restate the doctrine, the court must be a court of competent jurisdiction—that is, must have conferred upon it by law the authority to adjudge and settle such controversies or disputes, if and when its jurisdiction is invoked in the particular proceeding, by appropriate pleading according to the course of the common law, that is, pleadings previously provided for and authorized by law. Ex parte Wilkey, 23 Ala. 375, 172 So. 111;

Benners v. First National Bank of Birmingham et al., Ala.Sup., 22 So.2d 435, 438.[1] And, must have acquired jurisdiction of the person in accordance with the principles of due process of law.

What is the "res"? As applied to the plaintiff's case the answer is, its claim, demand or cause of action. This much is conceded by Mr. Justice Foster, but he overlooks the fact that to quicken into exercise the court's jurisdiction there must be an appropriate pleading, according to the course of the common law, a complaint or a plea of recoupment. "A plea of recoupment, which advances a counterclaim and seeks judgment over, must set forth the defendant's claim with the same certainty in averment as is required in stating a cause of action in a complaint." Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; J. C. Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748. Hence, the Georgia court's jurisdiction was not invoked or quickened into exercise over the "res".

What does the term "judicata", or "adjudicata" import? The answer to this is not difficult. It imports the application of judicial power duly invoked and authorized by law. Such was not the effect of the Georgia judgment. Plaintiff's claim was not pleaded, and in the absence of such pleading plaintiff's contributory negligence as to his claim was not pleadable.

Mr. Justice Foster in his concurring opinion says the difference between plea 1 and plea 2 is that plea 1 is in substance that the negligence of the defendant (Kenemer) was adjudicated in the Georgia case in which Kenemer was plaintiff, whereas, plea 2 is in substance that the negligence of the truck lines, plaintiff in the instant case, was adjudicated in that same Georgia case, and that it was there determined that it was negligence. Then he observes: "The instant suit is for simple negligence, and therefore plaintiff's contributory negligence is a complete bar to recovery, and was set up in plea 2. That defense under that plea is proven by proving the allegations of plea 1. So that plaintiff cannot be injured by the error if any in overruling the demurrer to plea 1."

As we understand the statement it is, that Kenemer, the defendant in this case, by plea 1 has pleaded his own negligence to the plaintiff's cause of action, and that the

---

[1] Ante, p. 74.

averment of defendant's plea 1 proves the averments of plea 2, which set up contributory negligence in the Georgia proceedings. Said plea 2, eliminating all else, it may be conceded by the averment "that the servant, agent or employee in charge or control of the truck A. B. C. Truck Lines, Inc., on the occasion complained of in plaintiff's complaint, was guilty of negligence which proximately caused the collision referred to in plaintiff's complaint in the case at bar, in or about the operation and control of said automobile truck on the occasion complained of" could be accepted as an original plea of contributory negligence in this suit or action, subject to proof in this case, but the averments of said plea do not show, nor do the exhibits attached show, that this defense was pleaded or could have been pleaded in the Georgia case, for the simple reason that the court's jurisdiction over the plaintiff's claim in this case was not invoked.

There is another fact patent on the face of the record in the Georgia court when construed in connection with the suit in this case—the first action brought. Said Georgia proceedings subsequently instituted was a rush proceeding, an attempt, no doubt, to foreclose litigation of plaintiff's claim, and when taken in connection with the averments of the replications was conducted by the insurance company carrying the liability of plaintiff with Kenemer's consent as a means of settling its own liability at a minimum cost; and was done without the consent of the plaintiff. Said insurance carrier and its lawyers were without authority to compromise or destroy the plaintiff's cause of action without its consent. Senn v. Joseph, 106 Ala. 454, 17 So. 543; Craft v. Standard Accident Insurance Co., 220 Ala. 6, 123 So. 271; National Bread Co. v. Bird, 226 Ala. 40, 145 So. 462.

Nor, does the Georgia court proceedings, as we have heretofore pointed out, show jurisdiction of the plaintiff's person by due process of law.

However treating plea 2 as an original plea of contributory negligence in this case to be proved on the trial, it is bad in that it characterizes the "collision" and not the injury or damage as negligently caused.

Herein lies the major vice of the pleas in this case, they plead the collision as the "res", not the injury or damage. Harrison

v. Formby et al., 225 Ala. 260, 142 So. 572; Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242 (255), 29 So. 646.